## COUPER v. SMYTH.

(Circuit Court, N. D. Georgia.   November 19, 1897.)

OFFICERS—POWER OF REMOVAL—INJUNCTION.
  The courts have no jurisdiction to enjoin a postmaster from removing an assistant postmaster who claims protection under the civil service law.

This was a bill in equity by James M. Couper, assistant postmaster at Atlanta, Ga., to enjoin the postmaster, William H. Smyth, from removing complainant from his office.   Complainant claimed that he was protected by the civil service law.

E. A. Angier, U. S. Atty.

Hamilton Douglas, for defendant.

Before PARDEE, Circuit Judge, and NEWMAN, District Judge.

PER CURIAM.   The United States circuit courts in equity are without jurisdiction to restrain or control United States post-office officials in the removal of subordinate officials or employés.   We cite In re Sawyer, 124 U. S. 200, 8 Sup. Ct. 482.   The equitable jurisdiction of the circuit courts of the United States is not enlarged by the civil service law of January, 1883, or by any of the rules and regulations of the civil service commission thereunder.   Interesting cases bearing upon these propositions have been recently decided, though not yet officially reported.   In the supreme court of the District of Columbia, Mr. Justice Cox, for the court, in an elaborate opinion held that a court of equity is without jurisdiction to enjoin the post-master general from removing a superintendent of mails from office. In the circuit court of the United States for the Northern district of Illinois, Mr. Justice Jenkins (also filing an elaborate opinion), held that the circuit court of the United States sitting in equity was without jurisdiction to interfere with or control the post-office department in the transfer or removal of employés, although such employés might be protected in their positions by the civil service law, and the rules of the commission made thereunder.   In the circuit court of the United States for the district of West Virginia, Judge Jackson appears to have held to the contrary, holding that ex necessitate the circuit courts of the United States must take equitable jurisdiction.   The only reference Judge Jackson makes to In re Sawyer, supra, is to quote a sentence from the dissenting opinion of Chief Justice Waite.

In Re Sawyer, supra, not since questioned or modified, the supreme court decided upon principle and authority as follows:

"The office and jurisdiction of a court of equity, unless enlarged by express statute, are limited to the protection of rights of property.   It has no jurisdiction over the prosecution, the punishment, or the pardon of crimes or misdemeanors, or over the appointment and removal of public officers.   To assume such a jurisdiction, or to sustain a bill in equity to restrain or relieve against proceedings for the punishment of offenses, or for the removal of public officers, is to invade the domain of the courts of common law, or of the executive and administrative department of the government.   *   *   *   It is equally well settled that a court of equity has no jurisdiction over the appointment and removal of public officers, whether the power of removal is vested, as well as that of appointment, in executive or administrative boards or officers, or is

intrusted to a judicial tribunal. The jurisdiction to determine the title to a public office belongs exclusively to the courts of law, and is exercised either by certiorari, error, or appeal, or by mandamus, prohibition, quo warranto, or information in the nature of a writ of quo warranto, according to the circumstances of the case, and the mode of procedure established by the common law or by statute." Pages 210, 212, 124 U. S., and pages 487, 488, 8 Sup. Ct.

The principles thus declared control the jurisdiction in this case. It follows that the application for an injunction pendente lite must be denied, and the rule nisi discharged, and it is so ordered.