ROBERTS v. PACIFIC & A. RY. & NAV. CO. et al.

(Circuit Court, D. Washington, N. D.    November 1, 1900.)

1. REMOVAL OF CAUSES—SUIT AGAINST CITIZEN AND ALIEN.

In a suit by a plaintiff, who is a citizen of the state where it is brought, against two defendants, the fact that one of the defendants is a citizen of a different state, and the other an alien, does not deprive a federal court of jurisdiction, or prevent a removal of the suit from a state court, where either defendant would have a right to remove it if sued alone, and when they unite in petitioning for removal.

2. SAME—AMENDMENT OF PETITION.

A state court may properly permit a petition for removal to be amended, although the time for filing such petition has expired, by inserting an allegation that the citizenship of the petitioner was the same at the time of the commencement of the action as at the time the petition was filed.

3. SAME—PETITION—ALLEGATION OF CITIZENSHIP.

An allegation in a petition for removal that the petitioner is a corporation organized under the laws of a foreign country is a sufficient allegation that it was a citizen of such country at the time the action was commenced against it.

Action at law by a citizen of the state of Washington against two defendants; one being a corporation of the state of West Virginia, and the other an alien corporation. Heard on motion to remand. Motion denied.

Ballinger, Ronald & Battle, for plaintiff.

John P. Hartman, for defendants.

HANFORD, District Judge. The plaintiff has moved to remand this case to the state court in which it was commenced, relying upon some of the newest text-books as authorities for so construing the act of congress defining the jurisdiction of United States circuit courts (1 Supp. Rev. St. [2d Ed.] p. 611) as to exclude this case, for the reason that a citizen and an alien are joined as co-defendants. It is asserted that the statute does not confer upon United States circuit courts jurisdiction on the ground of diverse citizenship of the parties, where the controversy is between a citizen of a state on one side, and a citizen of a different state and an alien on the opposite side. Black, Dill. Rem. Causes, §§ 34, 68. 1 Desty, Fed. Proc. (9th Ed.) p. 472; 18 Enc. Pl. & Prac. p. 238. The only decisions of the federal courts cited in support of the supposed rule are the following: King v. Cornell, 106 U. S. 395–399, 1 Sup. Ct. 312, 27 L. Ed. 60; Merchants' Cotton Press Storage Co. v. North American Ins. Co., 151 U. S. 368–389, 14 Sup. Ct. 367, 38 L. Ed. 195; Fields v. Lamb, Fed. Cas. No. 4,775; Ex parte Girard, Fed. Cas. No. 5,457; Hervey v. Railway Co., Fed. Cas. No. 6,434; Sawyer v. Insurance Co., Fed. Cas. No. 12,408; Ward v. Arredondo, Fed. Cas. No. 17,148; Dannmeyer v. Coleman (C. C.) 11 Fed. 97; Tracy v. Morel (C. C.) 88 Fed. 801. In the case of King v. Cornell the supreme court decided that a suit by a citizen of New York against several defendants, one of whom was an alien, and the others citizens of the state of New York, was not removable on the separate petition of the alien, and

104 F.—37

that the particular. statute under which the right of removal was claimed in that case had been repealed. Nothing else was decided, and in the opinion, by Chief Justice Waite, there is not even a faint hint or suggestion of the idea that the mere joinder of nonresident citizens with aliens as defendants has the effect to deprive all the. defendants of the right of removal, which they would have if sued separately. The other supreme court decision referred to is also entirely innocent of giving any aid or support to this fallacy. In Tracy v. Morel, Judge Munger quotes with approval section 34 of Black's Dillon on Removal of Causes, and then repeats the author's error, by saying that the same rule which he quoted from that textbook is stated in the case of King v. Cornell. This opinion by Judge Munger comes nearer than any of the others in the above list to being an authority in point, but I do. not consider it an authority, for the reason that the facts in the case did not warrant a decision of the question. The court did not have jurisdiction of the case, because the record failed to show that each of the defendants was entitled to litigate in the national forum, and it did show affirmatively that one of the defendants was a citizen of Nebraska; that being the state of which the plaintiff was a citizen, and in which the suit was brought. For similar reasons in each of the other cases cited the court did not have jurisdiction, and was not called upon to decide this question. In the argument it has not been claimed that there is any reason for a rule denying to several defendants, when they are sued jointly, a privilege which the law gives to each of them, except that the case does not come within the letter of the law. It is said that:

"When a plaintiff, citizen of the state where the suit is brought, sues two defendants, one of whom is a citizen of another state, and the other an alien, * * * the cause is not removable, because it does not come within any of the provisions of the statute. It is casus omissus. It cannot be said to be a controversy 'between citizens of different states,' because one of the parties is not a citizen; and it cannot be described as a controversy 'between citizens of a state and foreign citizens or subjects,' because one of the defendants is not a foreigner."

It is certainly true that the rule of strict construction must be applied to the acts of congress defining the jurisdiction of courts, but it is possible to be too narrow and literal in construing these laws. See the opinion of the supreme court, by Mr. Justice Gray, in the case of Koenigsberger v. Mining Co., 158 U. S. 41–53, 15 Sup. Ct. 751, 39 L. Ed. 889. In that case the supreme court affirmed a decision of the United States circuit court for the district of South Dakota maintaining its jurisdiction, on the ground of diverse citizenship, of a case which was pending in one of the territorial courts of Dakota territory at the time of the admission of South Dakota into the Union as a state. The circuit court of appeals for the Ninth circuit maintained the jurisdiction of this court in a similar case. Blackburn v. Wooding, 6 C. C. A. 6, 56 Fed. 545. All statutes—even those which impose penalties and declare forfeitures—must be given a sensible interpretation, consonant with the intention and purpose of the legislature in enacting them. U. S. v. Kirby, 7 Wall. 482–487, 19 L. Ed. 278; Heydenfeldt v. Mining Co., 93

U. S. 634–641, 23 L. Ed. 995; U. S. v. Stowell, 133 U. S. 1–20, 10 Sup. Ct. 244, 33 L. Ed. 555; Lau Ow Bew v. U. S., 144 U. S. 47–64, 12 Sup. Ct. 517, 36 L. Ed. 340. The true rule applicable to this case was laid down by the supreme court, in an opinion by Chief Justice Marshall, in the case of Strawbridge v. Curtiss, 3 Cranch, 267, 2 L. Ed. 435, as follows: To bring a case in which there is more than one plaintiff or defendant within the jurisdiction of a United States circuit court on the ground of diversity of citizenship of the parties, "each distinct interest should be represented by persons all of whom are entitled to sue, or may be sued, in the federal court; that is, that where the interest is joint each of the persons concerned in that interest must be competent to sue, or liable to be sued, in those courts." In Ex parte Girard, Fed. Cas. No. 5,457, Mr. Justice Grier, in discussing the question in that case as to the right of removal, restated the rule enunciated by Marshall, and adapted it to removable causes in the following words:

"Where there is more than one person, plaintiff or defendant, each must be competent to sue in the courts of the United States. The right to remove must exist in each and all the persons suing, and against whom the opposite party may demand a decree or judgment."

Within the letter and spirit of this rule, the right of the defendants to remove this cause into this court is clear.

The original petition for removal is criticised because it did not allege that the alien defendant was a corporation organized and existing under the laws of the dominion of Canada at the time of the institution of this suit, but merely alleged that it was such corporation, and its citizenship was alleged to be that of a foreign corporation at the time of filing the petition. There was a hearing upon the petition by the superior court, and upon leave granted by that court the petition was amended by inserting the necessary words to show that said defendant was an alien corporation at the time of the institution of the suit, to which amendment the plaintiff objected; and it is now contended that the amendment came too late, the time for filing a petition for removal having elapsed. It is my opinion that the amendment was permissible, notwithstanding the plaintiff's objection thereto. If it had not been made before, and if it were deemed a necessary amendment, leave to make it would be granted by this court now. My views on this subject are set forth in the case of Tremper v. Schwabacher (C. C.) 84 Fed. 415. See, also, 18 Enc. Pl. & Prac. pp. 324, 325. But the amendment was unnecessary. The citizenship of a corporation is sufficiently disclosed by the allegation that it is a corporation duly organized under the laws of the state or country named. Dodge v. Tulleys, 144 U. S. 456, 12 Sup. Ct. 728, 36 L. Ed. 501. The words of the petition refer to the creation of the corporation, and determine its citizenship every moment of its existence, including the time of commencing this action against it. Shaw v. Mining Co., 145 U. S. 444–453, 12 Sup. Ct. 935, 36 L. Ed. 768. Motion to remand denied.