CONTINENTAL WALL-PAPER CO. v. LEWIS VOIGHT & SONS CO.

(Circuit Court, S. D. New York. December 26, 1900.)

1. REMOVAL OF CAUSES—PETITION.

An allegation in a petition for removal that the petitioner is a corporation organized under the laws of a foreign country is a sufficient allegation that it was a citizen of such country at the time the action was commenced against it. ·

2. FOREIGN CORPORATIONS—SERVICE OF SUMMONS.

Where a person served as an officer of a corporation files affidavits showing his resignation as such officer five days before he was served, it entitles the corporation to grant of motion to set aside the service of summons.

Motion to set aside service of summons on the ground that defendant is a foreign corporation, and the person served was not an officer or director of the company. Preliminary objection that the petition for removal did not contain averments as to what was the citizenship of defendant when action was begun.

Edward F. Dwight, for the motion.
Louis Marshall, opposed.

LACOMBE, Circuit Judge. I concur with the views expressed by Judge Hanford in Roberts v. Navigation Co. (C. C.) 104 Fed. 577, that the averments are sufficient where the party whose citizenship is asserted is a corporation. Upon the affidavits defendant is clearly entitled to a dismissal. Complainant's counsel asserts that he doubts the truth of the affidavits and the accuracy of the transcript of minutes sworn to, which show the resignation of the person served, both as officer and director, five days before he was served. But such doubts are not sufficient to warrant sending the matter to a master. The probabilities are that resignation was presented and accepted. Ordinary prudence, in view of the controversy with plaintiff, would seem to require some such action on the part of Mr. Voight before he ventured within this jurisdiction on other business. Motion granted.