## BERRY v. MOBILE & O. R. CO. et al.

(District Court, W. D. Kentucky, at Paducah. December 18, 1915.)

### No. 57.

1. REMOVAL OF CAUSES ☞107—MOTIONS TO REMAND—SPEAKING MOTIONS.
   A motion to remand a case always raises some question of law arising upon the record, and a "speaking" motion is improper.

   [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 178, 225–232, 234; Dec. Dig. ☞107.]

2. REMOVAL OF CAUSES ☞86—PETITION FOR REMOVAL—VERIFICATION—AMENDMENT.
   In an action by a citizen of Kentucky against a citizen of Tennessee and a corporation which was a citizen of Alabama, the petition showed the citizenship of plaintiff and the corporation, and that the amount in controversy exceeded $3,000, and the citizenship of the individual defendant was shown by his petition to remove to the federal court, verified by his attorney. Held that, as his citizenship was easily within the attorney's knowledge, it would seem that the attorney's verification was sufficient under Judicial Code (Act March 3, 1911, c. 231) § 29, 36 Stat. 1095 (Comp. St. 1913, § 1011), requiring petitions for removal to be duly verified, and that the state statutes respecting the verification of pleadings would not apply, but if there were any defects in the verification they might be cured by the filing of an amended affidavit.

   [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 132, 166–179; Dec. Dig. ☞86.]

3. COURTS ☞340—UNITED STATES COURTS—CONFORMITY TO STATE PRACTICE.
   Conformity Act June 1, 1872, c. 255, § 5, 17 Stat. 197 (Comp. St. 1913, § 1537), applies only in the absence of direct legislation upon a subject by Congress.

   [Ed. Note.—For other cases, see Courts, Cent. Dig. § 900; Dec. Dig. ☞340.]

At Law. Action by C. C. Berry against the Mobile & Ohio Railroad Company and another. On motion to remand. Motion overruled.

W. A. Berry, of Paducah, Ky., for plaintiff.
Kane & Bullock, of Bardwell, Ky., for defendants.

EVANS, District Judge. [1] This action by C. C. Berry, a citizen of Kentucky, was commenced in the state court against the Mobile & Ohio Railroad Company, a citizen of Alabama, and Chas. Estes, a citizen of Tennessee. Instead of joining in one petition for the removal of the action to this court, each of the defendants filed a sepa-

rate petition to effect that object. Each petition was verified by the attorney for the petitioner, and he happened to be the same person in each instance. After the filing of the transcript in this court, the plaintiff moved to remand the case to the state court, and, instead of confining himself to that, went on in the paper to make statements of fact, and finally verified them. This was a novel procedure, and was made more so when the defendant filed an answer to the motion, which was also verified. The motion to remand always raises some question of law arising upon the record, and a "speaking" motion is about as indefensible as a "speaking" demurrer.

[2] Disregarding these anomalies, we proceed to discuss the real question presented. The motion is based upon the objection that the petitions for removal were not "duly verified," within the meaning of section 29 of the Judicial Code, which provides that a defendant who deems himself entitled to remove a case from a state court "may make and file a petition duly verified in such suit in such state court."

Previous to the enactment of the Judicial Code on March 3, 1911, there was no requirement that petitions for removal should be verified, but Congress evidently thought, and so legislated, that such petition should be supported by oath. It, however, did not fix any standard by which we could determine what should be "due" verification. Of course, verification by the defendant in person would always be proper, and literally the language might require that course; but at once we encounter the necessity for an exception, for a corporation (which is embraced in the general language of the section) could not itself make the oath, and Congress knew, and must have had in contemplation, not only that fact, but the further fact that individuals might not always be able to verify petitions for removal within the time allowed. Many accidents or unavoidable conditions might prevent that. Hence it used general language, and it is not improbable that Congress intended that the discretion of the court might be exercised in determining whether, upon the circumstances of a given case, the petition was "duly" verified. The word "duly" is sufficiently ambiguous in this connection to sometimes demand construction to give effect to the real intention of Congress, which was to have the sanction of an oath to the petition for a removal of a cause from the state court.

Under these circumstances, and looking broadly to the reason of the case, it is not unfair to assume that what Congress had in mind was that petitions for the removal of causes (which should only state such facts as bear upon the right to remove) should have the sanction of and the assurance given by the oath of some person who knows the facts. Hence, while the petition of Estes covers many statements which it was not necessary for him to make, and which were, to that extent, immaterial, and need not, for that reason, have been made or verified, his petition does show the required diversity of citizenship. This fact was easily within the knowledge of the attorney whose verification showed it to the court, and we think sufficiently gave the sworn assurance contemplated and required by section 29, in the absence of more specific language in that statute. As the plaintiff in his petition avers himself to be a citizen of Kentucky, the other three

essential facts upon which the right of removal must be based were: First, that the amount in controversy exceeded $3,000, and that fact is shown by the plaintiff's petition, wherein it is sought to recover $20,-000 in damage and costs; second, that the defendant railroad company is a citizen of Alabama, which is also distinctly shown by the plaintiff's petition; and, third, that the defendant Estes is a citizen of Tennessee. The two first of these facts, as does plaintiff's citizenship, appear plainly from the record, and the latter from the petition for removal, which has been verified by the attorney. The existence of the facts thus shown seems to make very clear the right to remove the action.

We incline, therefore, to hold that the statutory requirement has been met, not only as to the defendant railroad company, which could not personally verify its petition, but also by the verification of Estes' petition by his attorney.

[3] The learned counsel for the plaintiff insists that under the "Conformity Act" we must be governed by the Kentucky Code of Practice in determining what is due verification, and that the question must be settled according to the provisions of section 117 of the Code. He, however, overlooks the well-settled rule that the Conformity Act applies only in the absence of direct legislation upon a subject by Congress. That body, in respect to the removal of causes, has itself regulated the whole subject, including the procedure therefor, and has left no room for the operation of state rules of practice. Indeed, there are no Code provisions in Kentucky respecting the removal of causes, and, if there were, they would be superseded by the Judicial Code.

Without passing upon the question, but accepting for this occasion the views of counsel, we nevertheless conclude that, if there be anything defective in the affidavits to the two petitions for removal, those defects may be cured by amendment. The defendants respectively having heretofore tendered and asked leave to file a further and amended affidavit to each of the petitions for the removal of the action, those amended affidavits may be filed, as they appear sufficiently to conform to the requirements of section 117 of the Kentucky Code of Practice.

Considering the whole case, we conclude that the motion to remand should be and it is overruled, and an order to that effect will be entered.