## PORTER v. COBLE.

(Circuit Court of Appeals, Eighth Circuit. November 19, 1917.)

No. 4909.

1. REMOVAL OF CAUSES ⬡⟿19(1)—CASES ARISING UNDER UNITED STATES LAWS.
    Judicial Code (Act March 3, 1911, c. 231) § 24(6), 36 Stat. 1092 (Comp. St. 1916, § 991[6]), expressly declares that District Courts shall have original jurisdiction of all cases arising under the postal laws, while section 28 (Comp. St. 1916, § 1010) declares that any suit of a civil nature at law or in equity arising under the laws of the United States of which the District Courts of the United States are given original jurisdiction may be removed by the defendant to the District Court. *Held*, that a suit, begun in state court to enjoin a postal inspector from delivering to a third person property in possession of petitioner who had been appointed a postmaster, may by defendant be removed to the federal court, regardless of the amount in controversy; the jurisdiction of the federal court in such case not depending on the amount involved.

2. REMOVAL OF CAUSES ⬡⟿86(9)—PETITION—VERIFICATION.
    Under Judicial Code, §§ 28, 29 (Comp. St. 1916, §§ 1010, 1011), providing for removal of causes and for the verification of a petition for removal, a petition for removal from the state court of a suit by a postmaster against a post office inspector verified by one signing as United States attorney, is, the verification otherwise being sufficient, sufficient notwithstanding it was signed by the attorney as United States attorney, for those words may be treated as descriptio personæ.

3. APPEAL AND ERROR ⬡⟿1061(2)—REVIEW—HARMLESS ERROR.
    Where the dismissal of a suit was proper, plaintiff was not prejudiced whether the court dismissed the same on motion or on its own motion.

4. POST OFFICE ⬡⟿7(1)—POSTMASTERS—REMOVAL.
    Under Const. U. S. art. 2, § 2, cl. 2, declaring that the President shall nominate, and by and with the advice and consent of the Senate shall appoint, ambassadors and all other officers of the United States whose appointments are not herein otherwise provided for, the President, while the appointment of a postmaster must be confirmed by the Senate, may, without the consent or submission of the matter to the Senate, remove a postmaster.

⬡⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**5. UNITED STATES ☞28—PRESIDENT—ACTION.**

The President speaks and acts through the heads of the several departments in relation to subjects which appertain to their respective duties.

**6. PLEADING ☞8(13)—CONCLUSIONS.**

An allegation, in a petition by a postmaster seeking to prevent a postal inspector from removing from his possession postal property, that such postmaster had not been removed according to law, is a conclusion of law and not well pleaded.

**7. POST OFFICE ☞7(1)—POSTMASTER—REMOVAL.**

A petition by a postmaster seeking to prevent a postal inspector from depriving him of possession of postal property on the theory that he had not been removed as a postmaster according to law, which alleged that the Postmaster General had assumed the right and authority to remove him of his own act and decision, does not, none of the other averments showing that the removal was unauthorized, state a cause of action; for, there being no averments showing that the President did not authorize the Postmaster General to order removals, it must be presumed that the Postmaster General in ordering such removal acted by direction of the President.

Appeal from the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

Suit by John C. Porter against W. M. Coble, begun in the state court and removed to the federal District Court in which the United States intervened. From a decree dismissing the petition, plaintiff appeals. Affirmed.

William Ritchie, Jr., of Bridgeport, Neb. (G. J. Hunt, of Bridgeport, Neb., on the brief), for appellant.

T. S. Allen, U. S. Atty., of Lincoln, Neb. (Howard Saxton, Asst. U. S. Atty., of Omaha, Neb., on the brief), for appellee.

Before HOOK, SMITH, and STONE, Circuit Judges.

SMITH, Circuit Judge. The plaintiff, John C. Porter, alleged in a petition filed in the district court of Morrill county, Neb.:

That he had been duly appointed, commissioned, and qualified as postmaster at Bridgeport, Neb., an office of the third class, and that his term would not expire until 1918. That the defendant, W. M. Coble, as a United States post office inspector, has a right to inspect the office at Bridgeport, to inventory the property belonging to the government consisting of stamps, stamped envelopes, books, records, and funds received in due course of business therein.

"(3) That defendant has made demand upon this plaintiff for an inspection of the property so in his possession, and said defendant is willing to, has offered to, and will submit for defendant's inspection all property in his possession belonging to the Government and under the control of the Post Office Department; but that said defendant further says that after inspecting said property, inventorying the same, and taking possession thereof, he shall turn over and deliver the same to a third party, further claiming that this plaintiff has been removed as postmaster and that the bondsmen of this plaintiff have designated a party to whom said property shall be turned over and delivered. Plaintiff further alleges that he has not been removed according to law; that the President of the United States has never recommended his removal to the Senate of the United States, nor has the Senate of the United States ever approved of his removal.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"(4) Plaintiff further shows to the court that section 6 of chapter 175 of the Acts of the 44th Congress, 19 Stats. 78, 80 (section 7190, U. S. Compiled Statutes 1916), provides: 'Sec. 6. Postmasters of the first, second, and third classes shall be appointed and may be removed by the President, by and with the advice and consent of the Senate, and shall hold their offices for four years, unless sooner removed or suspended according to law. * * * '

"(5) Plaintiff further shows that the Postmaster General has assumed the right and authority to remove this plaintiff from his position of postmaster at Bridgeport of his own act and decision, and accordingly notified this plaintiff by letter through the regular course of mail. * * * But plaintiff alleges that said removal was not by the President, nor by and with the advice and consent of the Senate, and was unauthorized, unlawful, and illegal; that plaintiff's right to said office and to the emoluments thereof, until legally and lawfully removed or suspended, is a property right, and of which said defendant seeks to unlawfully deprive this plaintiff in the arbitrary manner above set forth; that if said property is turned over and delivered by said defendant to any third party this plaintiff will be deprived of the power to exercise and discharge the duties of postmaster, and will be thereby actually dispossessed of the office and of the emoluments thereof; all to the plaintiff's great and irreparable damage, and for which he has no adequate remedy at law; and that unless restrained by this court the said defendant will, in the arbitrary and unlawful manner above set forth, deprive this plaintiff of his rights, privileges, and emoluments, as hereinabove stated.

"Wherefore, plaintiff prays that said defendant be restrained and enjoined from delivering to any third party, during this plaintiff's term of office, any of the property now in this plaintiff's possession as postmaster of Bridgeport, and belonging to the United States, and from holding said property for a time longer than is reasonably necessary to complete his inspection and inventory of the same, and that upon the final hearing of this cause said injunction be made perpetual, and that plaintiff have all such other and further relief as in justice he may be entitled to."

Upon the plaintiff's application a temporary injunction was granted as prayed. The defendant appeared and filed a petition for removal of the cause to the United States District Court for the District of Nebraska, and the state court ordered the cause to be so removed. In the federal court the United States filed a motion to dismiss the case and the plaintiff filed a motion to remand it to the state court. The court overruled the motion to remand and dismissed the case, but whether upon the motion of the United States or on its own motion does not clearly appear. Thereafter the plaintiff appealed to this court.

[1] The plaintiff strenuously contended in his printed brief and oral argument and in a supplemental brief that the case was not removable.

Section 28 of the Judicial Code (section 1010 of the U. S. Compiled Statutes of 1916) provides:

"Any suit of a civil nature, at law or in equity, arising under the * * * laws of the United States, * * * of which the District Courts of the United States are given original jurisdiction by this title, which may now be pending or which may hereafter be brought, in any state court, may be removed by the defendant or defendants therein to the District Court of the United States for the proper district."

Section 24 of the Judicial Code expressly provides that:

"The District Courts shall have original jurisdiction as follows: Sixth. Of all cases arising under the postal laws."

The original jurisdiction of the District Court as applied to the postal laws is not dependent upon the amount in controversy.

This court practically overruled the objection from the bench at the time of the hearing that this case was not removable under these sections. In his supplemental brief the appellant says:

"The Case Was Properly Removed.

"The appellant will not discuss this point further except to point to * * * his brief. This may influence the court to change its ruling apparently made in the trial."

[2] Our ruling made at that time is adhered to. It may be added that the first assignment of errors is that the petition for removal was not verified by the proper party as required in sections 28 and 29 of the Judicial Code.

We do not find anything in either of these sections which governs who shall verify the petition for removal, unless it be in section 29, the requirement that the petition for removal shall be duly verified. The petition for removal is in the name of the defendant, W. M. Coble, but is signed "T. S. Allen, United States Attorney, A. W. Lane, Assistant United States Attorney, Attorneys for Petitioner." The verification is by T. S. Allen, and—

"says that he is United States attorney for the district of Nebraska, and as such is attorney for the petitioner for removal of the above entitled cause to the District Court of the United States as prayed for in said petition; that said petitioner does not verify said petition because he is absent from and not a resident of Morrill county, Neb.; that the allegations of said petition are true to affiant's knowledge except such as are therein stated on information and belief and as to such matters he believes them to be true."

This is then signed and sworn to. If it be assumed that the United States attorney was not, as such, attorney for the petitioner, he was an attorney of the United States District Court for Nebraska, and it is possible that the words "United States Attorney" were descriptio personæ; but no attack has ever been made, so far as the record shows, until the hearing in this court, upon his right to appear as United States attorney. In any event, there is nothing in the record to indicate that the application for removal was not properly verified.

As to the ruling dismissing the cause, four errors are specified:

First. Because the motion to dismiss was not made by a party to the suit.

Second. Because the cause had not been properly removed to the United States District Court.

Third. Because the district court of Morrill county, state of Nebraska, had jurisdiction and power to grant the relief sought by the petitioner.

Fourth. Because if the case were properly removed the petitioner is entitled to be granted the relief prayed for by the United States District Court.

[3] The second of these has in effect already been disposed of, and the disposition of the first and fourth will dispose of the case without consideration of the third. That is to say, we will assume for the purposes of this case alone that the district court of Morrill county, Neb., had jurisdiction and power to grant the relief sought by petitioner before the removal. It is true that the motion to dismiss was made in the name of the United States and not in the name

of the defendant. We have already called attention to the fact that it is not clear from the record whether the court sustained the motion or dismissed the case upon its own motion. Whatever may be the fact in this respect, the case was ordered dismissed and in the absence of any prejudice the plaintiff cannot complain. The real question is, was the petition properly dismissed, and not, who made the motion to dismiss, nor was it sustained, nor did the court, finding the petition stated no cause of action, dismiss it upon its own motion.

[4] This reduces the case to the consideration of the fourth specification.

The office in question is what is known as a presidential office, and the nomination to it was subject to the confirmation of the Senate. The United States Constitution, art. 2, § 2, cl. 2, provides:

"He [the President] shall nominate, and by and with the advice and consent of the Senate, shall appoint ambassadors, * * * and all other officers of the United States, whose appointments are not herein otherwise provided for, and which shall be established by law."

The Constitution says nothing as to whether removals and suspensions may be made by the executive alone nor whether they must be with the advice and consent of the Senate. For nearly half a century no question seems to have been raised upon the subject in the Senate. This was doubtless due to the scant exercise of the power of removal or suspension in the early days of the republic.

During the time of President Jackson the question was raised by the Senate that in considering the case of the confirmation of the successor of a man removed the Senate could consider whether the removal was justified. President Jackson refused to furnish any information on the subject at the request of the Senate. Messages and Papers of the Presidents, vol. 3, p. 132.

On December 7, 1841, President Tyler in his annual message to Congress said:

"I shall cordially concur in any constitutional measure for regulating and, by regulating, restraining the power of removal."

The bitter controversy which arose between President Johnson and the Senate led to the passage of the tenure of office act. He deemed this law unconstitutional and refused to obey it and was impeached in part on account thereof and acquitted by the Senate. Soon after the inauguration of President Grant, the most burdensome portions of the tenure of office act were repealed; but in his first annual message he said:

"It may be well to mention here the embarrassment possible to arise from leaving on the statute books the so-called 'tenure of office acts,' and to earnestly recommend their total repeal. It could not have been the intention of the framers of the Constitution, when providing that appointments made by the President should receive the consent of the Senate, that the latter should have the power to retain in office persons placed there by federal appointment against the will of the President. The law is inconsistent with a faithful and efficient administration of the government. What faith can an executive put in officials forced upon him, and those, too, whom he has suspended for reason? How will such officials be likely to serve an administration which they know does not trust them?" 7 Messages and Papers of the Presidents, p. 38.

In the first administration of President Cleveland a considerable number of persons were removed or suspended for offensive partisanship. Senate committees and members thereof had made numerous requests for the reasons for the suspensions of certain officials during the recess of that body. President Cleveland sent a message to the Senate in which he informed it that these requests would not be complied with. Messages and Papers of the Presidents, vol. 8, p. 375.

Turning now to the judicial precedents, it was held in Parsons v. United States, 167 U. S. 324, 17 Sup. Ct. 880, 42 L. Ed. 185, that the President could alone and without advice of the Senate remove an officer who had a fixed term before that term expired, and this was followed in Shurtleff v. United States, 189 U. S. 311, 23 Sup. Ct. 535, 47 L. Ed. 828. It must therefore be regarded as settled that the President had the power to remove the plaintiff at any time during his term.

[5-7] Could the Postmaster General make such removal?

The President speaks and acts through the heads of the several departments in relation to subjects which appertain to their respective duties. Wilcox v. Jackson ex dem. McConnel, 13 Pet. 498, 10 L. Ed. 264; Wolsey v. Chapman, 101 U. S. 755, 25 L. Ed. 915.

In United States v. Fletcher, 148 U. S. 84, 13 Sup. Ct. 552, 37 L. Ed. 378, though the President was required to act in the matter in controversy in a judicial capacity under the Articles of War in approving a report of a court-martial, it was held that the Secretary of War having acted over his own signature it must be presumed he acted by direction of the President in so doing. Northern Pacific Railway Co. v. Mitchell (D. C.) 208 Fed. 469.

It is alleged:

"That he has not been removed according to law." This is clearly a conclusion of law and not well pleaded.

"That the President of the United States has never recommended his removal to the Senate of the United States, nor has the Senate of the United States ever approved of his removal." Neither of these acts was necessary to a legal removal.

"That the Postmaster General has assumed the right and authority to remove this plaintiff from his position * * * of his own act and decision," and "said removal was not by the President nor by and with the advice and consent of the Senate." None of these allegations negative that the President may have authorized the Postmaster General to make removals in his stead when necessary.

We therefore find it unnecessary to pass upon the question as to whether, if the plaintiff expressly negatived the conferring of any authority in removal matters in the Post Office Department on the Postmaster General, a cause of action would be stated. There is no such allegation, and the presumption must prevail that the Postmaster General had such authority, and the petition was rightly dismissed.

That disposes of this case, but it may be added that the United States District Court, sitting as a court of equity, has no jurisdiction over the appointment and removal of public officers. White v. Berry,

171 U. S. 366, 18 Sup. Ct. 917, 43 L. Ed. 199; Couper v. Smyth (C. C.) 84 Fed. 757; Taylor v. Kercheval (C. C.) 82 Fed. 497.

The decree of the District Court is affirmed.