## DUVALL v. WABASH RY. CO.

(District Court, W. D. Missouri, W. D. December 4, 1923.)

No. 5728.

**1. Removal of causes �köö17—Right to remove not waived by taking depositions in state court.**

Mere taking of depositions under the state law does not constitute such inconsistency with purpose to remove at proper time as to waive right.

**2. Removal of causes �køö17—Test of estoppel to remove is whether action in state court showed purpose to abide by its jurisdiction.**

Test of estoppel to remove cause to federal court is whether action taken in state court exhibited purpose to abide by its jurisdiction sufficiently strong to estop defendant from asserting the contrary, and that defendant by depositions taken before removal procured information which plaintiff could not secure by similar method after removal is no bar to removal.

**3. Removal of causes �köö47—Citizenship sufficiently alleged.**

Inasmuch as a corporation is a citizen of the state of its organization, allegation in petition for removal that said corporation was organized and existing under laws of Indiana *held* sufficient as to citizenship and its period.

**4. Removal of causes �köö79(2)—Petition for removal, filed on third day of term, held not too late.**

Since established practice of state court in Jackson county, Mo., is equivalent to promulgation of rule permitting defendants to plead during first three days of term, without reference to time suit was brought, and is of equal force, under Judicial Code, § 29 (Comp. St. § 1011), with state law, petition for removal, filed on third day of term, *held* not too late, even though plaintiff's petition was filed more than 30 days before beginning thereof.

**5. Removal of causes �köö86(9)—Verification on belief by defendant's attorney held sufficient.**

In petition for removal, where only fact not appearing from record was specific citizenship of defendant, which was within knowledge of defendant's attorney, verification of facts of petition as true, as attorney verily believed, *held* sufficient.

**6. Courts �köö340—Sufficiency of verification not governed by state rule.**

Sufficiency of verification of petition for removal is not governed by rule prevailing in the state.

**7. Courts �køö340—Direct legislation on verification removes subject from application of Conformity Act.**

Direct legislation by Congress on verification of petition for removal removes that subject from application of the Conformity Act.

**8. Removal of causes �köö86(9)—Necessity for verification applies only to statement of fact.**

Necessity for verification of petition for removal applies only to statements of fact, and not as to matters of law.

At Law. Action by W. H. Duvall against the Wabash Railway Company. On motion to remand. Motion denied.

C. A. Randolph, of Kansas City, Mo., for plaintiff.

Sebree, Jost & Sebree, of Kansas City, Mo., for defendant.

VAN VALKENBURGH, District Judge. [1] Plaintiff, by motion to remand and plea in abatement, raises substantially four questions for determination by the court. The first is that by the taking of depositions the defendant in substance submitted itself to the jurisdiction of the state court and waived its right to remove. This contention cannot be sustained under the practice. It has been held that even the filing of a demurrer, which is a substantial pleading, does not in any way prejudice or affect the right of removal; but, even though this view should not be sustained, nevertheless the mere taking of depositions under the state law does not constitute such inconsistency with the purpose to remove at the proper time as to constitute a waiver of the right. Such depositions are frequently taken and often referred to in support of contentions for and against removal.

[2] Plaintiff complains that he was prejudiced because, before removal, defendant by deposition procured information which he now is precluded from obtaining against the defendant by a similar process. This, however, can have no bearing upon the crucial question, which is whether the action taken exhibited a purpose to abide by the state jurisdiction sufficiently strong to estop the defendant from now asserting the contrary. That is the test laid down by the courts, and is adjudged by the facts of the particular case. Here such an implied purpose is further negatived by the fact that at the close of the deposition hearing, and before the parties left the room, defendant served upon plaintiff's counsel its notice of removal proceedings. The disadvantage accruing to plaintiff, if it be such, is one arising from the state practice, permitting such depositions to be taken, and not from any consideration affecting rights under the Removal Act.

[3] Plaintiff next points out that in the petition for removal defendant uses this language: "The defendant, Wabash Railway Company, was and is a citizen and resident of the state of Indiana, and a nonresident of the state of Missouri." It is objected that the words "at the time this suit was filed," or words of similar import, were not used. This

was, of course, a careless form of expression. However, it is doubtful whether the use of the word "was" in that connection would not justify a right to amend as to an allegation imperfectly stated. Roberts v. Pacific & A. Ry. & Nav. Co. et al. (C. C.) 104 F. 577. However, this need not be decided, because plaintiff in his petition states that during all the times therein mentioned the defendant was a corporation duly organized, created, and existing under and by virtue of the laws of one of the states of the United States of America, the identical state being to plaintiff unknown. The defendant, by the word "was," undoubtedly had reference to all the times mentioned; but a conclusive answer to this objection is that in the petition for removal defendant further stated that said corporation was "organized and existing under and by virtue of the laws of the state of Indiana." Inasmuch as a corporation is a citizen of the state of its organization, was so at the time of the filing of the suit according to plaintiff's petition, and is now according to the petition for removal, the citizenship and its period are sufficiently alleged, and, in any event, this could be shown by amendment, if necessary, as offered by defendant.

[4] It is further objected that the petition for removal was not filed until the third day of the term at Kansas City, and that, inasmuch as plaintiff's petition was filed more than 30 days before the beginning of the term, defendant was required to plead on the first day of the term, and therefore its petition for removal comes too late. The Missouri statute, which is cited as governing this requirement of pleading, has not been expressly construed by the Missouri courts of last resort. Plaintiff has cited the case of Montz v. Moran, 263 Mo. 252, 172 S. W. 613, decided in 1914. That case did decide that a case filed as much as 30 days before the beginning of the term is triable at the return term. It did not decide on what day pleadings would necessarily be due, although the provisions respecting pleadings and trial are contained in the same section of the statute. This is the only Missouri case to which the attention of the court has been called which bears at all upon this question. In the meantime, it was long ago decided by Judge Philips in this district that the 3-day period for pleading applies in Jackson county, and that rule has since been repeatedly observed and announced in this jurisdiction. The circuit court for Jackson county in its various divisions has so construed the rule by long-established practice. In the absence, then, of an express and pointed decision to the contrary by the Supreme Court of the state,

I do not feel that the rule should be altered as affecting the removal of causes in the courts of the United States, especially where it was relied upon by the removing party, and a denial of the right would result in surprise and hardship.

But there is another reason why this objection should not be indulged. Section 29 of the Judicial Code (Comp. St. § 1011) says that the party desiring to remove may make and file a petition in the state court at "any time before the defendant is required by the laws of the state *or the rule of the state court in which such suit is brought* to answer or plead to the declaration or complaint of the plaintiff." The established practice in the state courts of this county for a long period of years is tantamount to the promulgation of a rule permitting defendants to plead during the first three days of the term, without reference to the time the suit is brought, and is of equal force, under the Removal Act, with the laws of the state. For these reasons this objection of plaintiff must be overruled.

[5] Finally, it is objected that the petition is not properly verified. The verification is in this form:

"Sam B. Sebree, of lawful age, being first duly sworn, upon his oath states that he is one of the attorneys for the defendant in the above-entitled cause; that the facts stated in the foregoing petition are true, as he verily believes."

This verification is attacked as stating a belief rather than a positive fact. While it may be freely conceded that it is not the better practice to verify a petition for removal otherwise than upon positive knowledge, it by no means follows that this form is fatal to the jurisdiction of this court. The Removal Act requires that the petition for removal shall be "duly verified," leaving the form to construction by this court in the exercise of a sound discretion.

[6-8] It must be remembered that the sufficiency of the verification is not governed by the rule prevailing in the state. Direct legislation upon the subject by Congress removes that subject from the application of the Conformity Act. Berry v. Mobile & O. R. Co. (D. C.) 228 F. 395–397. Furthermore, the necessity for verification applies only to statements of fact, and not to matters of law. In this petition for removal but one fact is stated which does not appear clearly otherwise from the entire record, and that is the specific citizenship of the defendant. This is a fact "easily within the knowledge of the attorney whose verification showed it to the court." Berry v. Mobile & O. R. Co., supra, loc. cit. 396. This defect, if it be one,

is such as may be cured by amendment. Berry v. Mobile & O. R. Co., supra, loc. cit. 397; Murray v. Southern Bell Telephone & Telegraph Co. (D. C.) 210 F. 925–927; Porter v. Coble (C. C. A. Eighth Circuit) 246 F. 247, 158 C. C. A. 404. In the latter case the verification was by a United States attorney, and in this form:

"That the allegations of said petition are true to affiant's knowledge, except such as are therein stated on information and belief, and as to such matters he believes them to be true."

The verification was accepted as sufficient, and in form it does not impute a verity so strong as in the case at bar. The words "verily believes," as used in an affidavit, impute more than a suspicion on the part of affiant, and are said to be even stronger than the statement that the affiant is informed and believes, or that his belief is founded on information. Penn Nat. Bank v. Altoona Mfg. Co., 15 Pa. Co. Ct. R. 320–322. And perjury may be assignable thereon. Russell v. Ralph, 53 Wis. 328, 10 N. W. 518. This view finds confirmation in the decisions of the Supreme Court of Missouri. Steamboat Osprey v. Upton Jenkins, 9 Mo. 644, 645. In that case knowledge was presumed because made by the plaintiff himself; but, as we have seen, the verification may properly be made by the attorney, who is presumed to have knowledge of the only jurisdictional fact to which he made oath in this case. In Bridgeford et al. v. Steamboat Elk, 6 Mo. 357, the verification was held bad, because made by an entire stranger to the case; but it was there held that the affiant could, on that affidavit be convicted of perjury if the facts stated in the complaint were untrue.

For all the reasons above stated, it seems clear that the language criticized is so far sufficient as to sustain the removal, and, in any event, would be susceptible of amendment. It follows that the motion to remand must be denied.