## SWARTZ v. CLEVELAND WORM & GEAR CO.

### No. 6536.

United States District Court
E. D. Missouri, E. D.

June 21, 1949.

J. Porter Henry, St. Louis, Mo., for plaintiff.

Gerald L. Seegers, St. Louis, Mo., for defendant.

HULEN, District Judge.

This cause, originating in the State court for the City of St. Louis, Missouri, removed here, now calls for ruling on motion to remand. Decision will turn on whether defendant's removal action was timely. The record made on the present motion is confusing. There is disagreement between the parties as to the record of the State court in important particulars. Defendant has failed to comply with Section 1446, Title 28, U.S.C.A., in that all papers served upon it were not attached to the removal petition and some that were attached were not complete in that they failed to show when they were filed in the State court.

One asserting jurisdiction in this court has the burden to sustain it. The presumption is against jurisdiction. Notwithstanding defendant has been remiss with respect to the burden resting on it, we conclude the record shows the following proceedings in the State court germane to the present issue: Plaintiff sued for commissions on sales. Defendant entered its appearance generally. The original petition was for recovery of less than $3,000. The case came to trial in the State court on May 10, 1949. Before any evidence was introduced plaintiff was granted leave to amend

including the right to file an amended exhibit of the account showing amount of commissions due. The record is as follows:

"Mr. Henry: * * * Attached to the petition is an exhibit which contains the items containing the orders procured by the agent and sent in to the defendant, the Cleveland Worm & Gear Company. Since the petition was filed the interrogatories of the defendant show some changes in the amounts involved, and I want to ask leave to file a new exhibit, B, to the petition, which sets out the amounts in accordance with the interrogatories filed in the case.

"The Court: Any objection, Mr. Seegers?

"Mr. Seegers: No, your Honor.

"Mr. Henry: And I also will amend the petition to conform to those amounts, by interlineation.

"The Court: Yes, sir. All right."

"New exhibit B" was filed May 10, 1949.[1] Based on the amendment and new exhibit B, the case commenced and continued in trial for two days. On May 11th plaintiff gave the Clerk a memorandum reciting:

"Plaintiff amends petition by interlineation, by changing prayer of petition to $3,144.55, and by leave withdraws plaintiff's Exhibit B and offers a new Exhibit B."

No amendment was ever made in the prayer of the petition on which the case was tried but inadvertently an amendment was made in the prayer on an abandoned petition. On May the 11th the case was passed to May 20th when additional record was to be made. "New exhibit B" shows a number of items and their total of $21,935.96". The commission claimed of 15% is set forth at "$3,144.55". A credit of $145.76 is given on the commission and shows as last figure, "Balance $2,998.79". On May 18th defendant filed his petition

for removal. It is based on the memorandum filed with the Clerk on May 11th; also that a "correct addition" of "new exhibit B" will show a balance due plaintiff in excess of $3,000. This latter is not disputed.

We agree with the conclusion of both parties that the amount in controversy should be determined by looking to the ad damnum averments of the complaint rather than the prayer for relief, since under Missouri law the prayer is not controlling in this respect. Therefore, although the prayer may be for more than the amount necessary for removal to the Federal court, removal may not be had if the complaint proper shows that the plaintiff is not entitled to the jurisdictional amount. The reverse is also true.

Defendant knew what a correct account, taken from its books, with plaintiff would show. Figures showing such correct account, "if correctly added", came into the record in the State court when Exhibit B was filed at the commencement of trial on May 10th. Defendant had the same information then as it had eight days later on filing petition for removal. Yet it invoked the jurisdiction of the State court for two days of trial thereafter, and we assume offered evidence. Defendant would extricate itself from the position in which this record places it by a belated claim of its right to ten days to file answer to the amended pleading. The weakness of this position is that defendant did not take time nor ask time to file any answer to the amendment of plaintiff's pleading—we conclude because none was necessary—but proceeded to trial after the amendment of the pleadings as they then stood. We conclude that such conduct by defendant was a waiver of its right to remove. Jones v. Mosher, 8 Cir., 107 F. 561; Ford v. Roxana Petroleum Corporation, D.C., 31 F.2d 765.

---

[1] The exhibit shows a stamp of May 10th with a pen change from "10" to "11". We do not consider this material since the case was tried on the new exhibit commencing May 10th. The physical application of file mark cannot change the fact of notice to defendant.