862

## COBLEIGH v. EPPING BRICK CO.
### Clv. A. No. 787.

United States District Court
D. New Hampshire.
Aug. 16, 1949.

———◆———

Sulloway, Piper, Jones, Hollis & Godfrey, Carl C. Jones, Alvah W. Sulloway, Concord, N. H., for plaintiff.

Hughes & Burns, Walter A. Calderwood, Dover, N. H., for defendant.

CONNOR, District Judge.

This action came on to be heard on the plaintiff's motion to remand on the ground that the petition for removal had not been filed within the twenty-day period as provided by Section 1446 of Title 28 U.S.C.A.

On April 7, 1949, the plaintiff brought a writ of attachment in the state court against the defendant which was described as a corporation "duly existing under the laws of The State of New Hampshire, with its principal place of business in the Town of Epping, County of Rockingham in said State," service being made upon the Register of Deeds for said county on April 12, 1949. The sheriff's return further states that on April 15, 1949, service was made upon the named defendant "by giving in hand to Enoch D. Fuller, Secretary for the State of New Hampshire, their true and lawful attorney for the Service of Process a true and attested copy of this Writ;" with the additional statement that the secretary was paid his fee for acceptance of service. Such is the statutory requirement for service upon a foreign corporation. R.L. New Hampshire 1942, Chapter 280. The declaration of the writ is a plea in the case, with an ad damnum in the sum of $5,000, but in no other respect does the writ indicate a basis of federal jurisdiction. The defendant filed a special appearance in the state court, therein setting forth

that it was not submitting generally to the jurisdiction of the court but that the filing was for the sole purpose of effecting the removal of said action to this court. On May 19, 1949, the plaintiff filed with the Superior Court a motion to amend his writ by striking out the description of the defendant as above set forth and substituting in place thereof the following: "Epping Brick Company, a Maine corporation, with a principal place of business in the Town of Epping, County of Rockingham, and The State of New Hampshire." The defendant on May 26, 1949, filed with this court a petition for removal dated May 25, 1949, together with a bond, and thereafter copies of the records and proceedings in the state court were likewise filed.

■■■ The conduct of the parties, i. e., the filing of the special appearance by the defendant and the subsequent amendment of the writ by the plaintiff, indicates that some doubt existed as to the sufficiency of the service. Prior to the amendment, jurisdiction was not clearly defined by the pleadings, and thereon the defendant was neither required nor permitted to institute steps for removal. The plaintiff strongly urges that the sheriff's return was sufficient notice to the defendant that the suit was against a foreign corporation, and this in the face of the description in the writ of the party defendant. In such reasoning, the return of service would be more informative and controlling than the pleadings, and the position of the defendant is untenable. The sheriff's return is a recital of action taken by the returning officer, not conclusive of the legality of his action. Jones v. French, 18 N. H. 190, 194. The motion to amend, filed and allowed after the twenty-day period for removal had expired, left the defendant, in the absence of any provision to meet such eventuality, without remedy. This defect was cured in the adoption of the statutory amendment of Section 1446, subsection (b) of Title 28, United States Code, P.L. 72, 81st Congress, 1st Session, approved May 24, 1949, and thereunder the defendant appears to have effected a proper removal. The factual situation brings the action squarely within the second paragraph of (b) which is as follows: "If the case stated by the initial pleading is not removable, a petition for removal may be filed within twenty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." The plaintiff's motion to amend was granted May 23, 1949. The twenty-day period for removal began after "receipt by the defendant" of some form of written notice "from which it may first be ascertained that the case is one which * * * has become removable." It may be fairly assumed that the defendant as a matter of routine notice was informed of the court's order the following day, May 24, thus enabling it to initiate removal proceedings as it did on the succeeding day. It is not the court's understanding that a statutory amendment has application only to actions instituted subsequent to its passage, but may be applied to pending actions where the facts permit such application. "This is only in accordance with the general rule that all remedial legislation shall be liberally construed, and particularly should this be so where new remedies are given, and with reference to the bestowal of jurisdiction on the courts." Larkin v. Saffarans et al., C. C., 15 F. 147, 150; United Wall Paper Factories, Inc., v. Hodges et al., 2 Cir., 70 F.2d 243, 244.

I am of the opinion that the defendant having seasonably petitioned upon the establishment of jurisdictional facts after amendment of the pleadings, the action being within the terms of the removal statute as amended, the plaintiff's motion to remand must be denied.

It is so ordered.