**FAUCHER v. ST. JOHNSBURY TRUCKING CO., Inc.**

Civ. A. No. 916.

United States District Court
D. New Hampshire.

May 4, 1951.

Hughes & Burns, Dover, N. H., for plaintiff.

Robert P. Booth, Manchester, N. H., for defendant.

CONNOR, District Judge.

The defendant on March 5, 1951, filed a verified petition for removal, setting forth that at the time of the commencement of this action it was and continues a corporation organized and existing under the laws of the State of Vermont and having its principal place of business in St. Johnsbury, within said state. With all necessary jurisdictional facts stated therein and the requisite bond appearing to be in order, the petition was granted ex parte. Thereafter, the plaintiff filed a motion to remand, alleging that the pleadings in the state court did not disclose diversity of citizenship as prescribed by Sections 1332 and 1441, Title 28 U.S.C. In the copy of the state process accompanying the petition, the defendant is described as a corporation "duly organized by law and having a place of business at Albany Street, Portsmouth, County of Rockingham, State of New Hampshire." Upon hearing, the defendant offered evidence, not contradicted, of its incorporation in 1945 under the laws of Vermont.

Failure to clearly and correctly describe the citizenship of the defendant in the state process is no bar to effect removal of an action to this court. Philipbar v. Derby, 2 Cir., 85 F.2d 27; City of Ysleta v. Canda, C.C., 67 F. 6, 8; Berry v. Mobile & O. R. Co., D.C., 228 F. 395, 397. The description of the defendant in the state process is inadequate rather than incorrect, but, with other jurisdictional requirements met, the defect presents no insurmountable barrier to the establishment of diversity in and under the petition for removal. To preclude the defendant from asserting the fact of diversity would in effect permit the plaintiff to dictate the forum of his choice in derogation of the statute. Jurisdiction of this court is grounded upon statutory enactment, and is not to be defeated by the whim or error of the plaintiff in drafting his state process.

The plaintiff urges that within the rationale of Cobleigh v. Epping Brick Co., D.C., 85 F.Supp. 862, 863, where, as in this action, the citizenship of the defendant was not clearly described, it was stated that the defendant was "neither required nor permitted to institute steps for removal." Upon reconsideration of Section 1446 which defines the mode of removal, it is now my view that nothing therein, either expressly or inferentially, denies the defendant the privilege of initiating steps for removal in such circumstance, and in so far as the contrary may be deemed a holding of this court, it is overruled.

The plaintiff's motion is denied, and the defendant will forthwith file appropriate pleadings to correct the defect of process as permitted by Section 1448, 28 U.S.C.