Hillsborough, } No. 4045.
Dec. 4, 1951. }

MARIE BETH BOURGET *by her mother and next friend*

*v.*

NEW ENGLAND TELEPHONE & TELEGRAPH COMPANY.

ANTOINETTE BOURGET

*v.*

SAME.

194

*Chretien & Craig* and *John W. King* (*Mr. Craig* orally), for the plaintiffs.

*Hughes & Burns, Donald R. Bryant* and *Robert E. Hinchey* (*Mr. Hinchey* orally), for the defendant.

KENISON, J. In pleadings involving a corporate party it is the better practice to describe the corporation by its correct name and to also allege the state by or under whose laws it was organized. *Society* v. *Varney,* 54 N. H. 376, 378; *Winnipiseogee Lake Company* v. *Young,* 40 N. H. 420, 428. But a misnomer of the corporate name or a failure to allege the state of incorporation "is not fatal" (*Winnipissiogee Lake Company* v. *Worster,* 29 N. H. 433, 442, 443; *Remick* v. *Company,* 82 N. H. 182) and the Trial Court may allow or order an amendment as justice may require. Superior Court Rule 19, 93 N. H. Appendix; R. L., *c.* 390, *s.* 8. An inaccurate or incomplete description of a corporate defendant presents "the ordinary case of a not very important mistake in the name of a corporation, curable by amendment in any event. It was so held even in the days of strict common-law pleading. *Burnham* v. *Bank,* 5 N. H. 573," *Wheeler* v. *Contoocook Mills,* 77 N. H. 551, 553; 6 Fletcher, Corporations (1950) *s.* 2447. While such procedural

amendments are usually allowed or ordered on motion as a matter of course, it has been recognized for a long period of time that they are primarily questions of fact for the Trial Court who determines what justice requires in the particular situation. *LaCoss* v. *Lebanon,* 78 N. H. 413, 417; *LePage* v. *Company,* 97 N. H. 46. There is nothing in the reserved case to indicate that there was an abuse of discretion in refusing to order the plaintiffs to amend their writs as requested by the defendant.

It appears from the briefs of counsel that on December 8, 1950, the Federal District Court dismissed the defendant's petition to remove the case to that court on the grounds of diversity of citizenship. 28 U. S. C. A., ss. 1332, 1441. While the basis of the District Court's dismissal or remand is not before us, counsel advance contradictory explanations of it. Plaintiffs contend that federal jurisdiction was refused in spite of diversity of citizenship because of the doctrine of *forum non conveniens* citing *Gulf Oil Corp.* v. *Gilbert,* 330 U. S. 501 and *Koster* v. *Lumbermens Mutual Co.,* 330 U. S. 518. Defendant argues that the reason for dismissal was that the writs did not state that the defendant was a citizen of New York, citing *Cobleigh* v. *Epping Brick Co.,* 85 F. Supp. 862. In that case, where the citizenship of the defendant was not accurately described in the pleadings to show the jurisdiction of the District Court, it was stated that "the defendant was neither required nor permitted to institute steps for removal." *Id.,* 863. Although the *Cobleigh* case was overruled in *Faucher* v. *St. Johnsbury Trucking Co.,* 98 F. Supp. 152, it is argued that the District Court was following the rationale of the *Cobleigh* case when it denied the defendant's petition for removal on December 8, 1950, and therefore action by the State court is required so that removal can be effected.

The plaintiffs' contention has little to support it and the defendant's, if true, may well be immaterial in view of the twenty day time limit for removal proceedings imposed by 28 U. S. C. A., s. 1446 (b). Since the 1948 revision of the judicial code the mode and manner of removal has been somewhat restricted (*American Fire & Cas. Co.* v. *Finn,* 341 U. S. 6) and its enforcement lodged entirely with the Federal District Courts. 28 U. S. C. A., ss. 1446-1450. Thus s. 1447 (d) provides, "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." Jurisdiction of the District Court cannot be defeated legally by errors in the plaintiffs' pleadings nor is it dependent on procedural changes ordered by the State court. If jurisdiction

exists so that removal is in order, it will be enforced by appropriate decrees in the District Court (*Faucher* v. *St. Johnsbury Trucking Co.*, *supra*), where steps for removal are timely taken. The failure of the State court to order a change in the pleadings in the circumstances of the present case was not an abuse of discretion. Whatever rights of removal the defendant had or may now have must be vindicated in the Federal District Court.

*Exception overruled.*

All concurred.