Joseph N. LORENSEN

v.

**JENNEY MANUFACTURING COMPANY.**

No. 57-21.

United States District Court
D. Massachusetts.

Sept. 27, 1957.

**214**

Nathan Greenberg, Boston, Mass., for plaintiff.

Thomas H. Walsh, Boston, Mass., for Jenney Mfg. Co.

ALDRICH, District Judge.

This libel for maintenance and cure is defended solely for failure to disclose a pre-existing health condition, a ground previously considered by this court in Hazelton v. Luckenbach S. S. Co., D.C. D.Mass., 134 F.Supp. 525.

Libelant, 53 years old, has followed the sea for 20 years. In Februray, 1957 while aboard respondent's vessel Charles Jenney, he suffered a cerebral hemorrhage, from which he is still disabled. In 1951, while aboard the Washington, he suffered a prior attack. For this he was treated as an outpatient for two months and then discharged as fit for duty. In spite of that diagnosis some of his symptoms admittedly remained, and the vessel refused to take him back. He returned several times to the hospital, and obtained each time a fit-for-duty certificate, but was unable to regain the employment. In 1953, at another city, he passed inspection, not telling the ship's doctor of the prior episode. He has shipped more or less steadily ever since. In 1955 he was ashore following a leg injury. In 1956 he was ashore several months, reason not given.

Libelant was examined for the Jenney in January, 1957. The doctor testified, and I find, as follows,

"He gave a history of being hospitalized once for an injury of the right leg. He denied ever having any operations; he denied any other injuries; he denied any other hospitalization; he denied ever having had TB, or pneumonia, or back trouble, or fits, or fainting spells, or venereal disease, or heart trouble."

These answers were literally true. The case is accordingly one of non-disclosure, not of misrepresentation, a distinction adverted to in Hazelton, supra.

Spontaneous disclosure of past medical history or events is required only when, in the opinion of the seaman, the shipowner would consider them matters of importance. The burden in this respect is on the shipowner, and it must be a substantial one. Any other rule would cut into the very fabric of maintenance and cure. In view of libelant's experience immediately following his 1951 illness I have little doubt but that his 1953 non-disclosure was of the proscribed type. By 1957, however, when, so far as appears, he had had no further attacks, or warning that such

might be expected, cf. Fardy v. Trawler Comet, D.C.D.Mass., 134 F.Supp. 528, while I might have suspicions, I will not find deliberate concealment of a known material fact.

Judgment for libelant for $1,656, with interest in the amount of $27.50, and costs.