Joseph LORENSEN

v.

JENNEY MANUFACTURING COMPANY.

Civ. A. No. 57–1252–A.

United States District Court
D. Massachusetts.

Jan. 23, 1958.

Nathan Greenberg, Boston, Mass., for plaintiff.

Thomas H. Walsh, Boston, Mass., for defendant.

ALDRICH, District Judge.

On June 4, 1957 the plaintiff, a seaman, brought a libel on the admiralty side of this court against this defendant for maintenance and cure, as a result of illness occurring on defendant's vessel. The defense relied on was misrepresentation of a previous health condition. After trial on the merits in September the court found in favor of libellant. Lorensen v. Jenney Mfg. Co., D.C.D.Mass., 155 F.Supp. 213. Respondent paid the judgment, but made no further payment, claiming, I assume, that plaintiff's illness had reached an end result. Two months later plaintiff brought a suit in the Boston Municipal Court for the two months' additional maintenance. The defendant removed the action to this court, alleging that "the amount in controversy exceeds the sum of $3,000." The plaintiff moves to remand to the state court. At the hearing on this motion it was stipulated that as of the date of the state court writ there was not due to the plaintiff more than the customary $8 a day for main-

tenance for the two unpaid months. It was further stipulated that the ad damnum specified in the writ was $3,000.

The removal of this action from the state court was so manifestly improper that I am writing this opinion to guard against such a happening again. In the first place, the petition was defective on its face because it failed to contain a copy of the state court writ, or "process," as required by the removal statute. 28 U.S.C.A. § 1446(a). I do not consider whether this omission was intentional, except to observe that the writ, being limited to $3,000, would seem to have embarrassingly demonstrated that the allegation in the petition was erroneous. Where a party limits his demand to $3,000, there is no more than that involved for removal purposes, even if more would have been recoverable had it been demanded. Iowa Central Ry. Co. v. Bacon, 236 U.S. 305, 35 S.Ct. 357, 59 L.Ed. 591; Brady v. Indemnity Ins. Co. of North America, 6 Cir., 68 F.2d 302. The action may well become removable at the time, if any, that the demand is increased. Journal Pub. Co. v. General Cas. Co., 9 Cir., 210 F.2d 202. That question is not before me.

There is another reason why there was not $3,000 involved in this case. Maintenance and cure is an anomalous cause of action which does not give rise to general prospective damages.[1] Calmar S.S. Corp. v. Taylor, 303 U.S. 525, 58 S.Ct. 651, 82 L.Ed. 993. In the federal court the relief awarded may go to the date of trial, and possibly, in the discretion of the court, for a brief interval beyond. Calmar, supra. In the state court, except when general prospective damages are recoverable, liability on the law side of the court is normally fixed by the date of the writ. Fay v. Guynon, 131 Mass. 31. I doubt if that court would make a special exception for this cause of action. Even if it would, there could not be more than $3,000 involved in this case until the date of trial had be-

[1] Or, to put it another way, the law will not permit the seaman to treat non-payment as a total breach. Cf. Calmar S. Corp. v. Taylor, supra, with Parker v. Russell, 133 Mass. 74.

come far advanced from now, and plaintiff had amended his ad damnum. Cf. Pate v. Standard Dredging Corp., 5 Cir., 193 F.2d 498.

In sum, unlike St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845, this is a case where "petitioner when it removed the cause knew, or had reason to believe, that the respondent's claim, whether well or ill founded in law and fact, involved less [2] than $3,000." 303 U.S. at page 296, 58 S.Ct. at page 594.

The motion to remand is granted, with costs in this court to plaintiff.

2. More precisely the statute reads, as does the petition for removal herein, "exceeds the sum or value of $3,000." 28 U.S.C.A. § 1331.