Lawrence R. **GALE,** Jr., Plaintiff,

v.

Cheri Lynn **SMOCK,** Defendant.

Civ. No. 74–161–2.

United States District Court, S. D. Iowa, Central Division.

Oct. 17, 1974.

Lee H. Gaudineer, Jr., Des Moines, Iowa, for plaintiff.

Ross H. Sidney, of Grefe & Sidney, Des Moines, Iowa, for defendant.

## MEMORANDUM AND ORDER FOR REMAND

HANSON, Chief Judge.

This matter is before the Court by way of the plaintiff's Motion to Remand filed June 27, 1974. In said motion the plaintiff contends that this action should be remanded to the District Court of the State of Iowa because the defendant failed to remove this matter to this Court within the thirty-day period mandated by Title 28, United States Code, Section 1446(b). By way of resistance, the defendant contends that she was not subject to the jurisdiction of the District Court of the State of Iowa until her special appearance was overruled on June 17, 1974, and thus, her removal on June 24, 1974, was timely.

The historical progression of this matter is of paramount importance in the Court's disposition of this Motion to Remand. On October 19, 1973, the plaintiff filed his petition in the District Court of the State of Iowa in and for Polk County. The petition alleged that defendant owed plaintiff damages arising from an automobile accident. On November 16, 1973, the plaintiff attempted to make service of his original notice by serving the Secretary of State for the State of Iowa and by mailing said notice to the defendant by a letter addressed to her last known residence in Des Moines, Iowa. The defendant filed a special appearance on January 14, 1974, which attacked the jurisdiction of the court and alleged that the service of process was inadequate since defendant was no longer a resident of Iowa. On February 19, 1974, the defendant responded to an interrogatory by stating that she had been residing in Nebraska since February 25, 1973. On February 28, 1974, plaintiff amended his petition to acknowledge the defendant's Nebraska citizenship. The Iowa District Court sustained the special appearance on March 21, 1974. Meanwhile, on March 4, 1974, the plaintiff re-served his original notice by serving the Secretary of State for the State of Iowa pursuant to Section 617.3 of the Code of Iowa (1973) and by advising the defendant of such service at her Nebraska address. On April 15, 1974, the defendant filed a second special appearance attacking this method of service of process by asserting that service under Section 617.3 was not appropriate in a case involving an automobile accident. The Iowa District Court overruled the defendant's second special appearance on June 17, 1974.

Disposition of this Motion to Remand requires this Court to determine when the thirty-day limitation for removal commenced under Title 28, United States Code, Section 1446(b). Determination of this matter is complicated by (1) the fact that the initial petition did not set forth the diversity of citizenship necessary to remove this action, and (2) the fact that defendant entered a special appearance.

Title 28, United States Code, Section 1446(b) provides:

The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by

the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

## I.

Since the plaintiff's initial petition asserted that both plaintiff and defendant were citizens of Iowa, the "case stated by the initial pleading" was not removable because it did not indicate diversity of citizenship. When the "case stated by the initial pleading" is not removable, the thirty-day period for removal does not commence under the second paragraph of Section 1446(b) until the "receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

Plaintiff's initial petition erroneously described the defendant as an Iowa citizen. In reality, the defendant had become a Nebraska citizen prior to the commencement of the action.

In Cobleigh v. Epping Brick, 85 F. Supp. 862 (D.N.H.1949), the plaintiff brought a writ of attachment in which he alleged that both he and the defendant were citizens of New Hampshire. Thirty-four days after the defendant received the service of process, the plaintiff amended the writ to state that the defendant was really a citizen of Maine. Seven days later the defendant filed a petition for removal. The plaintiff contended that the removal petition was not timely filed, but the court held that the twenty (now thirty) day limitation for removal did not commence with the filing of the initial writ because jurisdiction was not clearly defined by the pleadings until the amendment was filed. Therefore, even though the defendant in this case probably knew that her citizenship was diverse from that of the plaintiff when she received the initial petition, the defendant was not required to remove until plaintiff amended his petition to acknowledge defendant's diverse citizenship.

After receiving defendant's answer to an interrogatory about her citizenship, the plaintiff amended his petition to account for the defendant's Nebraska citizenship. In light of the plaintiff's amended petition, the pleadings stated a case which was removable. For removal to be timely, it would have to be within thirty days of the receipt of this service. From the record, it is unclear when the defendant received this second service of process.[1] Defendant must have received copies of all these documents between March 4, 1974, the date on which the plaintiff reserved his original notice, and the date when she filed her second special appearance, April 15, 1974. Resolving all doubt in favor of the defendant, the last possible date for removing said action would be May 15, 1974, thirty days after the filing of the second special appearance. Thus, the defendant's attempt to remove on June 24, 1974, would not be timely.

## II.

Finally, the defendant contends that the running of the thirty-day period was tolled by the entering of defend-

---

1. A notation at the bottom of the Amendment to the Petition indicates that someone received a copy of this pleading on March 1, 1974. However, it is not clear that defendant was the recipient.

ant's second special appearance. In Orban v. Universal Shipping, 301 F.Supp. 694 (D.Md.1969), the defendant did not file its removal petition within thirty days after the service of summons. However, the defendant did file a motion challenging the jurisdiction of the state court, and it felt that the filing of this motion "tolled the time limitation during which the removal petition had to be filed." The *Orban* court held that the time limitation was not tolled by the filing of the motion. Similarly, in this case the thirty-day time limitation was not tolled by the defendant's special appearance.

█ If removal to federal court had been timely, the defendant would not have waived any objections to jurisdiction or service of process and could have raised the matters urged in her state court special appearance by way of a motion to dismiss in this Court pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, 1–A Moore's Federal Practice (2d ed. 1974), Para. 0.157 [3], p. 49.

In her second special appearance, defendant challenged the Court's in personam jurisdiction by alleging that service under Iowa Code Section 617.3 (1973) was not proper in a case involving an automobile accident. As noted above, this argument could have been urged in this Court after removal by way of a motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure. Since a motion to dismiss under Rule 12(b) is comparable to a special appearance in state court, the defendant would not forego any jurisdictional objection by removal of the state action to this Court.

For all the above reasons,

It is ordered that this cause of action be remanded to the District Court of the State of Iowa in and for Polk County for failure to remove said action within the thirty-day period mandated by Title 28, United States Code, Section 1446(b).