John R. KINGMAN and Mary D. Kingman, Plaintiffs,

v.

SEARS, ROEBUCK AND CO., Defendant.

Civ. No. 80–1153–B.

United States District Court, D. Maine.

Nov. 25, 1981.

Stephen A. Canders, Flora & Canders, Presque Isle, Me., for plaintiffs.

John A. Woodcock, John W. Ballou, Mitchell & Stearns, Bangor, Me., for defendant.

## MEMORANDUM OF DECISION AND ORDER

CYR, District Judge.

The complaint initiating this action in state court was served on the defendant September 5, 1980. On October 2, 1980, the action was removed to this court, whereupon plaintiffs moved *ex parte* for remand, due to alleged formal defects in the removal petition. On October 23, 1981, defendant moved to amend its removal petition.

Consideration must be given first to the formal sufficiency of the original petition for removal in light of three allegedly fatal defects assigned by plaintiffs: first, that the petition does not contain a "statement of facts which entitle [defendant] to removal ...;"[1] second, that it was not accompanied by "a copy of all process, pleadings and orders served upon [the defendant] ...;"[2] and third, that it does not disclose the citizenship of the corporate defendant.[3] These formal defects rendered the original petition plainly deficient.[4]

---

1. 28 U.S.C. § 1446(a) provides in pertinent part:

    A defendant ... desiring to remove any civil action ... from a State Court shall file in the district court of the United States for the district and division within which such action is pending a verified petition containing a short and plain statement of the facts which entitle him ... to removal together with a copy of all process, pleadings and orders served upon him ... in such action.

2. *Id.*

3. The third is a subsumption of the first.

4. For cases holding a removal petition defective for failure to contain a "short and plain statement of the facts," see *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 34 S.Ct. 278, 58 L.Ed. 544 (1914) [failure to allege facts compelling conclusion that a party defendant was fraudulently joined in state court suit to defeat removal]; *Thompson v. Gillen*, 491 F.Supp. 24 (E.D.Va.1980) [failure to allege diversity or domiciles, merely alleging residences]; *Stanley Electrical Contractors, Inc. v. Darin & Armstrong Co.*, 486 F.Supp. 769 (E.D.Ky.1980) [failure to allege diversity as at filing of state action, in addition to diversity at time removal sought, and failure to allege principal place of business]; *Winters Gov't. Sec. Corp. v. Nafi Employees Credit Union*, 449 F.Supp. 239 (S.D. Fla.1978) [no allegation of defendant's citizen-

A petition for removal predicated on diversity of citizenship "should show that there was diversity . . . at the time of the commencement of the state action and . . . at the time of the removal petition." 1A (Pt. 1) Moore's Federal Practice ¶ 0.168[3.–4], at 460. *See* 14 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 3733, at 732. Because a corporation is deemed a citizen of any state by which it has been incorporated and of the state where it has its principal place of business, *see* 28 U.S.C. § 1332, an allegation of corporate citizenship should reflect both the state of incorporation and the principal place of business. Moore's, *supra*, at 461.

The "Amended Petition for Removal," summons attached, reflects that the defendant is a corporation organized under the laws of New York with its principal place of business in Chicago, Illinois. Before consideration is given to the timeliness of the amendment as such, its timeliness as an *original* petition merits attention.

The original petition states facts demonstrating removability, but for the following allegation which negates an essential element of diversity jurisdiction:

> [a]t the time of commencement of this action, the Plaintiffs were citizens of the State of Maine and the Defendant is a corporation organized under law and having a place of business in Houlton, Aroostook County and State of Maine. No change in the citizenship of the parties has taken place since the commencement of this action.[5]

The state court complaint itself describes the citizenship of the defendant in almost identical fashion:

> [defendant] is and was at all times pertinent to the Complaint a corporation duly organized and existing under law and having a place of business in Houlton, Aroostook County, State of Maine. . . .[6]

For this reason, it would appear that subsection 1446(b) is applicable in these circumstances:

> If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.[7]

It has been held that

> [t]he manifest purpose of starting the period for removal from the date of the service of the 'initial pleading' is to enable the defendant to intelligently ascertain removability from the face of such initial pleading, so that in his petition for removal, he can make a '. . . short and plain statement of the facts which entitle him or them to removal . . .' as required in 28 U.S.C. § 1446(a).

*Ardison v. Villa*, 248 F.2d 226, 227 (10th Cir. 1957) (Murrah, J.).[8]

Were the court to construe subsection 1446(b) in the literal manner in which the plaintiffs and some courts counsel appli-

---

ship or corporate status at commencement of action].

For cases holding removal petition defective due to the omission of "process,.pleadings [or] orders," see *California v. Gibson-Rondon Corp.*, 421 F.Supp. 149 (C.D.Cal.1974) [failure to file copy of any process, pleadings or orders]; *Lorensen v. Jenney Mfg. Co.*, 158 F.Supp. 928 (D.Mass.1958) [copy of state court writ or process]; *Swartz v. Cleveland Worm & Gear Co.*, 85 F.Supp. 29 (E.D.Mo.1949) [failure to attach all papers served on defendant and filed in state court]. *But see Riehl v. Nat'l Mut. Ins. Co.*, 374 F.2d 739 (7th Cir. 1967) [omission of complaint, minor irregularity]; *Covington v. Indem. Ins. Co. of North America*, 251 F.2d 930, 932 (5th Cir.), *cert. denied*, 357 U.S. 921, 78

S.Ct. 1362, 2 L.Ed.2d 1365 (1958) [omission of state court records and proceedings, not jurisdictional]; *Dri Mark Prods. Inc. v. Meyercord*, 194 F.Supp. 536 (S.D.N.Y.1961) [omission of exhibits accompanying state court complaint, not jurisdictional].

**5.** Petition for Removal, filed October 2, 1980, at ¶ 5.

**6.** Complaint, count one, ¶ 2.

**7.** 28 U.S.C. § 1446(b).

**8.** *See also Perimeter Lighting, Inc. v. Karlton*, 456 F.Supp. 355 (N.D.Ga.1978).

cation of subsection 1446(a),[9] the amended removal petition would appear timely as an *original* petition under subsection 1446(b), there being no evidence of prior "receipt by the defendant ... of an amended pleading, motion, order or other paper"[10] from which the removability of the state court action could be ascertained. Thus, in *Gale v. Smock*, 64 F.R.D. 330, 332 (S.D.Iowa 1974), where the original state court complaint erroneously described the defendant as a citizen of the same state as the plaintiff, the court held that the defendant was entitled to remove the action within thirty days of the amendment of the complaint. *See Cobleigh v. Epping Brick*, 85 F.Supp. 862 (D.N.H.1949) [timeliness of removal tested from amendment of complaint reflecting defendant's diverse citizenship, despite fact defendant probably knew its citizenship was diverse from the outset]; *Perimeter Lighting, Inc. v. Karlton*, 456 F.Supp. 355, 358 (N.D.Ga.1978) [removability must be ascertainable from face of initial pleading].[11]

▮ The court is of the view, at the very least, that the motion to amend the original removal petition should be granted *nunc*

*pro tunc.* "Matters of form and technical defects and even a defective statement of jurisdictional grounds [in a removal petition] are subject to amendment under [Fed. R.Civ.P. 15(a) and 28 U.S.C. § 1653]." Moore's, *supra*, at 465. While a number of district courts have refused to permit the amendment of a removal petition after the time for filing the initial removal petition has expired,[12] most appellate courts recognize discretion in the district courts to permit amendment.[13] Thus, in *Hendrix v. New Amsterdam Casualty Co.*, 390 F.2d 299 (10th Cir. 1968), the Tenth Circuit upheld the amendment of a removal petition which had failed to allege, beyond a conclusory claim of diversity of citizenship, either the citizenship of the plaintiff, the principal place of business of the defendant or that such principal place of business was in a state other than that of which the plaintiff was a citizen. *See Buell v. Sears, Roebuck & Co.*, 321 F.2d 468 (10th Cir. 1963).

The complaint in this case correctly alleges the citizenship of the plaintiffs, but does not disclose the defendant's diverse citizenship. It is clear from the original petition

**9.** *See* note 12 *infra*.

**10.** 28 U.S.C. § 1446(b).

Although remand was requested on October 16, 1980, there is nothing in the record to indicate that the defendant received notice of the *ex parte* motion for remand until contacted by the clerk approximately one year later, at the instance of a newly-appointed resident judge. Upon notification by the clerk, the defendant promptly moved to amend its removal petition.

**11.** The court has considered the obvious rejoinder that it would not be unreasonable to charge the defendant with knowledge of its own principal place of business. It is not so clear that local counsel in the short time available for removal under subsection 1446(a) should be *deemed* privy to such information, particularly where the defendant has a place of business in the forum district as alleged in the state court complaint. Moreover, the burden of filing a correctly pleaded state court complaint, on the *face* of which removability is ascertainable, rests with plaintiffs. *See Cobleigh v. Epping Brick*, 85 F.Supp. 862, 863 (D.N.H.1949) [defendant not required to institute removal prior to amendment of pleadings to reflect diversity of citizenship]. *See also Perimeter Lighting, Inc. v. Karlton, supra* note 8, at 358.

**12.** See cases cited in 14 Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction § 3733, at 735, n. 12; 1A (Pt. 1) Moore's Federal Practice ¶ 0.168[3.–4], at 464, n. 18, many of which reason that failure to allege the principal place of business of a corporate party is a jurisdictional, rather than a formal or modal, defect. As other authorities have noted, such reasoning is inconsistent with 28 U.S.C. § 1653 and with the general rule governing amendment of pleadings. *See* Wright, Miller & Cooper, *supra*, at 736. *See Handy v. Uniroyal, Inc.*, 298 F.Supp. 301 (D.Del.1969), for a discussion of the applicability of 28 U.S.C. § 1653 and Fed.R.Civ.P. 4(h) & 15(a) concerning the amendment of removal petitions. Those who would distinguish between technical defects and jurisdictional allegations entangle themselves in "abstract philosophical and semantic analyses for which busy modern courts have little time. Better, if the jurisdiction in fact exists, to permit the petition to be amended to reflect it...." *Stanley Elec. Contractors, Inc. v. Darin & Armstrong Co., supra* note 4, at 772.

**13.** *See Moore's, supra* note 12, at 463, n. 16 & cases cited in *Hendrix v. New Amsterdam Cas. Co.*, 390 F.2d 299, 300, nn. 1 & 2 (10th Cir. 1968).

that diversity of citizenship is the intended basis for removal. The original petition states that no change has occurred in the citizenship of the parties since the commencement of the action. There is no suggestion of prejudice to plaintiffs. Denial of leave to amend in these circumstances, without appellate recourse,[14]

> would be too grudging with reference to the controlling statute [28 U.S.C. § 1653], too prone to equate imperfect allegations of jurisdiction with the total absence of jurisdictional foundations, and would tend unduly to exalt form over substance. . . .

390 F.2d at 301 [footnotes omitted].

The motion to amend the original removal petition is allowed and the motion for remand is denied.

*So ordered.*

---

**14.** 28 U.S.C. § 1447(d) provides in pertinent part: "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise. . . ."