Joe KOBAISSI, Plaintiff,

v.

AMERICAN COUNTRY INSURANCE
COMPANY, Defendant.

No. CIV.A. 99–5215.

United States District Court,
E.D. Pennsylvania.

Jan. 18, 2000.

David Brian Rodden, Rodden & Rodden,
Philadelphia, PA, for plaintiff.

Michael T. McDonnell, III, Ryan,
Brown, McDonnell, Berger, and Gibbons,
Philadelphia, PA, for defendant.

### MEMORANDUM & ORDER

KATZ, Senior District Judge.

This action bringing claims pertaining to
a May 1998 automobile accident was origi-
nally filed in the Philadelphia Court of
Common Pleas in August 1999. On Octo-
ber 21, 1999, the defendant filed a notice of
removal in this court, alleging that federal
diversity jurisdiction was proper. The
plaintiff's reply to the petition for removal
asserted that the amount in controversy
did not exceed $75,000. Through the peti-

tion for remand now before the court, the plaintiff formally requests remand, again arguing that the amount in controversy necessary for federal jurisdiction has not been met.

### Background

According to the complaint, plaintiff Joe Kobaissi was injured in an automobile accident on May 12, 1998, while he was driving a taxi cab. Following settlement with Hartford Insurance Company, presumably the insurer of the other driver, *see* Compl. ¶¶ 7–8, plaintiff informed his own insurer, the defendant in this case, that he would file an underinsured motorist (UIM) claim. *See id.* ¶ 10. The defendant apparently claimed that UIM coverage had been waived, thus spawning the present lawsuit. *See id.* ¶ 11. Mr. Kobaissi's three-count complaint seeks stacked UIM benefits of $45,000, along with attorneys' fees. It also alleges violations of 42 P.S. § 8371 and seeks interest, punitive damages, and court costs and attorneys' fees for bad faith denial of insurance coverage. Although this information is not found in the complaint itself, the notice of removal states that Mr. Kobaissi has submitted approximately $12,000 in medical bills. Each individual count, however, requests relief "not in excess of $50,000." Compl.

Although neither plaintiff's reply to the notice of removal nor his petition to remand elaborates on these basic facts, plaintiff includes an affidavit that states:

> I Hilal Joe Kobaissi, hereby state and affirm that I stipulate that my damages as a result of injuries sustained in my automobile accident on May 12, 1999, do not exceed the jurisdictional limits of the federal district court in the amount of $75,000.00.

**1.** Because this petition for remand argues that the court does not have subject matter jurisdiction, the ordinary thirty-day limit on motions for remand does not apply. *See* 28 U.S.C. § 1447(c) ("If, at any time, before final judgment it appears that the district court lacks subject matter jurisdiction, the case

> I stipulate that the value of my case is less than $75,000. This stipulation is being made voluntarily and without any coercion or undue influence from anyone. I have been informed by my attorney that I will forever be bound by this stipulation and that I will never receive any damages over and above that which I have stipulated not to receive.

Reply to Notice of Removal, Ex. A; Pet. for Remand, Ex. A.

### Standards

A defendant may remove a civil action to federal court if that court would have had original jurisdiction over the cause of action. *See* 28 U.S.C. § 1441(b).[1] Here, defendant claims diversity jurisdiction and thus has the burden of showing that the parties are diverse in citizenship and that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. As the parties here appear to be diverse, the only question is whether the amount in controversy has been met.

Removal statutes are to be strictly construed, and all doubts must be resolved in favor of remand. *See, e.g., Angus v. Shiley Inc.,* 989 F.2d 142, 145 (3d Cir.1993); *Boyer v. Snap–On Tools,* 913 F.2d 108, 111 (3d Cir.1990). The amount in controversy is determined as of the date of removal, *see Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir.1999); that is, a plaintiff may not subsequently amend a complaint so as to defeat federal jurisdiction. *See Angus,* 989 F.2d at 145. As the party urging removal, it is the defendant's burden to show that removal is appropriate. *See Boyer,* 913 F.2d at 111. There is a split among the courts in this district as to what standard of proof to apply, and the Third Circuit has not ruled explicitly on the matter.[2] The

shall be remanded."); *Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217–18 (3d Cir.1999) (stating that a case must be remanded even after a trial if amount in controversy is not met).

**2.** In fact, two Third Circuit cases, while perhaps not unreconcilable, seem to apply differ-

court finds it unnecessary to decide this question, however, as the defendant has not met its burden under any standard.

*Discussion*

■ The "general federal rule is to decide the amount in controversy from the complaint itself." *Angus*, 989 F.2d at 145. If the amount at issue is not clear from the face of the complaint itself, the court must evaluate the claim on its own and attempt to discern the "reasonable value" of the rights being litigated, including punitive damages. *See id.* at 146; *International Fleet Auto Sales v. National Auto Credit*, Civ.A. No. 97–CV–1675, 1999 WL 95258, at *3 (E.D.Pa. Feb.22, 1999); *Feldman v. New York Life Ins. Co.*, Civ.A. No. 97–4684, 1998 WL 94800, at *4 (E.D.Pa. Mar.4, 1998). The court may look at the notice of removal in such circumstances to determine whether the defendant has met its burden. *See, e.g., Johnson v. Costco Wholesale*, Civ.A. No. 99–cv–3576, 1999 WL 740690, at *2 (E.D.Pa. Sept.22, 1999).

■ A plaintiff may not seek to defeat a defendant's statutory right of removal by artful pleading that would artificially minimize the damages at issue for purposes of federal jurisdiction yet permit recovery of higher damages in a state court. Thus, ad damnum clauses such as those found in this complaint do not resolve the question of the amount in controversy. *See Meritcare*, 166 F.3d at 217.[3] Similarly, a subsequent stipulation that damages do not exceed the jurisdictional limit cannot defeat federal jurisdiction if such a stipulation is simply an effort to amend the complaint. *See Angus*, 989 F.2d at 145 & n. 3.[4]

■ Thus, the court must turn to the complaint and appropriate extraneous materials to see if the amount in controversy has been met. The removal petition states that the maximum amount of compensatory damages to which plaintiff would be entitled is $57,000, assuming that the insurance policies in question can be stacked. This is still $18,000 below the jurisdictional limit of this court. While the removal notice correctly argues that the court must take into account the reasonable value of the punitive damages that might be awarded, the defendant has not supplied any documentation or argument from which the court could conclude that $18,000 in punitive damages is sufficiently likely to justify the exercise of federal jurisdiction under any standard of proof.

ent standards. *See Angus*, 989 F.2d at 146 (looking to whether a "reasonable jury likely could have valued [the] losses at over $50,000"); *Meritcare Inc.*, 166 F.3d at 217 ("When it appears to a legal certainty that the plaintiff was never entitled to recover the minimum amount set by Section 1332, the removed case must be remanded even if the jurisdictional deficiency becomes evident only after trial."). District courts, in turn, have taken different approaches. *See Mercante v. Preston Trucking Co., Inc.*, Civ.A. No. 96–5904, 1997 WL 230826 (E.D.Pa. May 1, 1997) (applying preponderance standard); *McFadden v. State Farm Ins. Co.*, Civ.A. No. 99–1214, at *1 (E.D.Pa. Sept.15, 1999) (same); *Johnson v. Costco Wholesale*, Civ.A. No. 99–cv–3576, 1999 WL 740690, at *2 (E.D.Pa. Sept.22, 1999) (applying legal certainty standard); *Chaparro v. State Farm Ins. Co.*, Civ.A. No. 99–CV–2063, 1999 WL 961035, at *3–4 (E.D.Pa. Oct.12, 1999) (suggesting reasonable probability standard).

3. Mr. Kobaissi's complaint seeks damages not in excess of $50,000, presumably to qualify for compulsory arbitration in state court. *See* 42 Pa.C.S.A. § 7361(b)(2)(i). Pennsylvania civil procedure provides, however, that "a case that is initially referred to arbitration by a state rule of civil procedure or a court rule may be later determined to involve damages greater than $50,000." *Mercante*, 1997 WL 230826, at *5; *see also Chaparro*, 1999 WL 961035, at *1 (concluding that plaintiff's request for "less than $50,000 in damages ... is relevant to, but not dispositive of, the question whether the amount in controversy exceeds $75,000" because of plaintiff's ability to recover higher amounts).

4. Such a stipulation would seemingly subject plaintiff to the bar of judicial estoppel and prevent him from amending his complaint or otherwise alleging in state court that the damages exceed the amounts specified in the stipulation. *See, e.g., James v. Electronic Data Sys. Corp.*, Civ.A. No. 98–CV–1583, 1998 WL 404817, at *4 (E.D.Pa. July 15, 1998).

In fact, the only evidence the defendant has supplied is the notice of removal itself: the defendant did not respond to the plaintiff's motion for remand. Given that the burden is on the defendant to prove the amount in controversy, this case must be remanded to state court. *See McFadden,* 1999 WL 715162, at *4–5 (remanding case when defendant failed to show that punitive damages in an amount sufficient to reach jurisdictional threshold were likely).

### Conclusion

Defendant has simply not its burden of demonstrating that the true amount in controversy in this case exceeds $75,000, and the case must be returned to state court.

### ORDER

**AND NOW,** this 18th day of January, 2000, upon consideration of Plaintiff's Petition to Remand, it is hereby **ORDERED** that the Petition is **GRANTED.** The clerk shall return the record to the Philadelphia County Court of Common Pleas forthwith.