201 F.Supp.2d 990 (2001)
Joel HOLLENBECK, Plaintiff,
v.
OUTBOARD MARINE CORP., Chris Craft Boats Corp., and Genmar Holdings, Inc., Defendants.
No. 4:01CV1193MLM.
United States District Court, E.D. Missouri, Eastern Division.
September 14, 2001.
*991 James E. Hullverson, Jr., Hullverson and Hullverson, L.C. Clayton, MO, for plaintiff.
Terese A. Drew, Hinshaw and Culbertson, St. Louis, MO, Brooks C. Rathet, Anderson and Denis, Jacksonville, FL, for defendants.

ORDER
MEDLER, United States Magistrate Judge.
This matter is before the court on Plaintiff's Objection to Jurisdiction and Motion for Remand. [13] The three defendants have filed a Memorandum in Opposition to Plaintiff's Objection to Jurisdiction and Motion for Remand. [16] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). [15]
This case was originally filed in the Circuit Court for the City of St. Louis on or about June 25, 2001. Defendants, Outboard Marine, Corp., Chris Craft Boats Corp., and Genmar Holdings, Inc. ("Defendants") timely removed the case to this court pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332.
District courts have original jurisdiction over all civil actions in which the matter in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs," and there is diversity of citizenship. 28 U.S.C. § 1332(a). The statute authorizing removal provides that any civil action brought in a state court may be removed by the defendant to the district court if the action could have initially been brought in federal court. 28 U.S.C. § 1441(a). At issue here is whether the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. There is no dispute that there is diversity of citizenship.
In his state court Petition, plaintiff alleges his damages are as follows:
7. As a direct result of the defendants' legal fault, plaintiff sustained personal injury to various parts of his body particularly to his leg and the body and mind as a whole, and in connection with these injuries all the tissues, nerves, membranes, circulatory vessels, muscles, ligaments, cartilage, associated structures, have been damaged by rupture, bleeding, dislocation, disease, cut, strain and sprain, and each such injury has been painful and will be painful, progressive, permanent, and disabling, and will cause or aggravate arthritis and other deleterious conditions.
8. Care and treatment has been rendered to plaintiff at an expense and cost of approximately $150,000 to date as a *992 direct and proximate result of defendants' fault and negligence causing plaintiff's injury, and in the future plaintiff will need additional care and treatment for these injuries and plaintiff will incur and become obligated for additional treatment expenses.
9. Plaintiff has missed work and lost wages, earnings, profits and business of approximately $10,000.00 to date as a direct proximate result of plaintiff's injury, care, treatment and recuperation, and in the future plaintiff will lose additional wages, earnings, profits and business, and plaintiff's ability to work, profit, and earn are permanently injured and damaged.
Plaintiff's state court Petition at ¶ 7, 8 and 9. In his prayer for relief, plaintiff states:
WHEREFORE plaintiff prays judgment of damages against the defendants in such sum as is fair, just and reasonable to compensate plaintiff for the injury and damage plaintiff has sustained and will sustain, all in an amount greater than Twenty Five THOUSAND DOLLARS JURISDICTION OF THE COURT, [sic] but at the same time and for as long as removal potential exists during the year interval after this case is filed, less than the amount for removal jurisdiction to the United States District Court in Diversity Cases ($75,000.00), together with costs and any further relief and remedy allowed by law, including prejudgement interest.
Plaintiff's state court Petition, Prayer.
Rule 55 of the Missouri Rules of Civil Procedure requires only that a plaintiff plead damages that are fair and reasonable in addition to the jurisdictional amount, that is $25,000. In the instant case, plaintiff has complied with Mo. R.Civ.P. 55 and has added the additional quirk of limiting his damages to an amount less than $75,000 for the one year period in which removal would be possible pursuant to 28 U.S.C. § 1446(b).[1]
Federal courts are courts of limited jurisdiction and a lack of federal subject matter jurisdiction cannot be waived. Magee v. Exxon Corp., 135 F.3d 599, 601 (8th Cir.1998). The purpose of the removal statute is to restrict and limit removal jurisdiction, therefore the statute is to be construed narrowly and any doubt should be resolved against removal jurisdiction. American Fire and Cas. Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). The party asserting federal jurisdiction has the burden of establishing that the amount in controversy requirement is met. Hatridge v. Aetna Casualty & Surety Co., 415 F.2d 809, 814 (8th Cir.1969).
Where a case is originally brought in federal court and a defendant attempts to dismiss on amount-in-controversy grounds, defendant must prove to a legal certainty that the plaintiff cannot recover the amount claimed. St. Paul Mercury Indem., Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938). St. Paul is the seminal amount-in-controversy case and its logic controls the analysis in the instant case. From the reference cited above, "it is equally evident that the `legal certainty' standard should apply to cases removed to federal court from state court where the plaintiff's prayer for damages in the state court exceeds the federal amount-in-controversy requirement." Gafford v. General Electric Co., 997 F.2d 150, 157 (6th Cir.1993). However, the standard to apply when testing the jurisdictional sufficiency of the amount-in-controversy *993 in a removed case where the complaint, as required by state procedural rules, is not specific as to the amount of recovery expected, is not easily resolved. See Gafford, 997 F.2d at 155-160 (outlining and discussing various approaches taken in case law to disputes about amounts-in-controversy in removed case and concluding the "preponderance of the evidence (more likely than not) test" is the best alternative). See also Bolling v. Union National Life Ins. Co., 900 F.Supp. 400, 405 (M.D.Ala.1995)(noting that if defendant had to prove the factual predicate for federal jurisdiction to a legal certainty, it would place the defendant in the unenviable position of having to prove plaintiff's case. Citing Garza v. Bettcher Industries, Inc., 752 F.Supp. 753, 756 (E.D.Mich. 1990)).
The amount in controversy is determined as of the time the action is commenced in federal court and subsequent events cannot destroy the court's jurisdiction once it has been acquired. Bank IV Salina, N.A. v. Aetna Casualty & Surety Co., 783 F.Supp. 1315 (D.Kan.1992). The plaintiff cannot, after removal, deprive the district court of jurisdiction by stipulation, affidavit or by amendment of his pleadings. St. Paul, 303 U.S. at 292, 58 S.Ct. 586.
It is clear and accepted without question that "[i]f [the plaintiff] does not desire to try his case in the federal court, he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove." St. Paul, 303 U.S. at 294, 58 S.Ct. 586. However, state rules such as Missouri's Rule 55 which do not require damages to be pled as a specific amount may enable a plaintiff to claim in his Petition an amount lower than the federal amount in controversy in an attempt to defeat federal jurisdiction "while actually seeking and perhaps obtaining damages far in excess of the federal requirement." Gafford, 997 F.2d at 157-58.
In the instant case, the plaintiff has fairly obviously attempted to do both: defeat removal and still allow the eventual recovery of damages in excess of $75,000. Although a plaintiff may insulate his case from removal by waiving a portion of his damages and asking less than the jurisdictional amount, he may not defeat removal simply by seeking less than the requisite amount in controversy when the court is informed that the value of the interest to be protected exceeds that amount. Corwin Jeep Sales & Service, Inc. v. American Motors Sales, 670 F.Supp. 591, 596 (M.D.Pa.1986). Where the petition does not contain a demand for specific monetary amount, and removability of a case has been contested by a motion to remand, the court must make factual inquiry into the issue. Id. at 596. In a case in which the demand is unspecified, the court may look to the petition for removal or make an independent appraisal of the claim. Id. at 596.
In making the factual inquiry, it is essential to bear in mind that when dealing with federal jurisdiction, courts are not persuaded by evasion, artful pleading or jurisdictional shell games. Vail v. Orkin Exterminating Co., Inc., 1991 WL 134275 (N.D.Ill.1991) ("the court is troubled by the evasion exhibited by the plaintiff's attorney, who has repeatedly refused to estimate the damages his client has suffered and will suffer in the future."); Kobaissi v. American Country Insurance Co., 80 F.Supp.2d 488, 490 (E.D.Pa.2000)("A plaintiff may not seek to defeat a defendant's statutory right of removal by artful pleading that would artificially minimize the damages at issue for purposes of federal jurisdiction yet permit recovery of higher damages in state court."); Lane v. Champion *994 International Corp., 844 F.Supp 724, 732 (S.D.Ala.1994)("It is not [plaintiffs'] prerogative to evade the constitutionally proper subject matter jurisdiction of this court" ... by "the jurisdictional shell game which plaintiffs seem to be playing in an effort to avoid federal subject matter jurisdiction.").
In the instant case plaintiff prays judgment of damages against defendants in a fair, just and reasonable sum in excess of $25,000 in compliance with Mo.R.Civ.P. 55. Plaintiff then adds: "...but at this time and as long as removal potential exists during the year interval after this case is filed, [plaintiff prays] less than the amount for removal jurisdiction to the U.S. District Court in diversity cases ($75,000.00) together with costs in any further relief and remedy allowed by law, including prejudgement interest." The court has been unable, and so too presumably the parties, to find a case directly on point dealing with such a pleading. However, with federal jurisdiction, one must fish or cut bait. Plaintiff may not play games with federal jurisdiction. While plaintiff may limit his damages to avoid removal, St. Paul, 303 U.S. at 294, 58 S.Ct. 586, he may not temporarily defeat removal and then upon remand and after the expiration of the one year removal period, amend his pleadings or even without a formal amendment, ask huge amounts at trial.[2]
Under Missouri Law, the prayer for relief is not controlling. See Swartz v. Cleveland Worm & Gear Co., 85 F.Supp. 29, 30 (E.D.Mo.1949). Pleadings may be amended to conform to the evidence. Mo. R. Civ. P. 55.33(b). The court has considered the state court petition, the petition for removal and the arguments of the parties. The body of plaintiff's Complaint alleges present damages of at least $160,000 plus future damages. State Court Petition at ¶ 8 and 9. The court finds that defendants have met their burden of proof on the issue of the amount in controversy being in excess of $75,000 exclusive of interest and costs and finds the plaintiff's Motion for Remand should be denied. See e.g., White v. Bridgestone/Firestone, Inc., 2001 WL 876921 (S.D.Ind.2001)(complaint contained allegations that the amount in controversy exceeded jurisdictional amount); McNeilus Truck and Manufacturing, Inc. v. Hunt, 2001 WL 837940 (D.Minn.2001) at *2 (removing defendant can meet burden by submitting proof that plaintiff's verdict reasonably may well exceed jurisdictional amount, or if, on the face of the Complaint, it is apparent that the claims are likely to be above that amount.); Marcel v. Pool Co., 5 F.3d 81 (5th Cir.1993)(complaint facially apparent that damages were above jurisdictional amount); Kobaissi, 80 F.Supp.2d at 490 (plaintiff may not seek to defeat defendant's statutory right of removal by artful pleading that would artificially minimize damages for purpose of federal jurisdiction yet permit recovery of higher damages in state court); Lane v. Champion International Corp., 844 F.Supp. 724, 732 (S.D.Ala.1994) (naive to believe plaintiff would not amend the ad damnum when the one year bar of 28 U.S.C. § 1446(b) would prevent removal; therefore, remand denied); Corwin Jeep, 670 F.Supp. at 596 (amount in controversy is measured by the pecuniary value of the rights litigated).
ACCORDINGLY,
IT IS HEREBY ORDERED that Plaintiff's Objection to Jurisdiction and Motion for Remand is DENIED. [13]
NOTES
[1] 28 U.S.C. § 1446(b) provides in pertinent part: "... except that a case may not be removed on the basis of jurisdiction of section 1332 of this title more than 1 year after the commencement of the action."
[2] It would be naive to believe that this case will be ready for trial in the Circuit Court of the City of St. Louis within one year of filing. It taxes credulity even to suggest it.